THE STATE OF KANSAS v. ALNA R. RHODES.

No. 15,667.    (93 Pac. 610.)

SYLLABUS BY THE COURT.

1. WORDS AND PHRASES — *"Conveyance or Assurance"* — *Mortgage.* A real-estate mortgage is not a "conveyance or assurance" within the meaning of section 2092 of the General Statutes of 1901.

2. CRIMINAL LAW—*Executing Second Mortgage with Intent to Defraud.* The execution and delivery of a second mortgage upon real estate, when a first mortgage has been given thereon by the grantor of the second mortgage, and before the first mortgage has been filed for record, without mentioning the first mortgage therein, with the intent to defraud, does not violate the above-mentioned statute.

Appeal from Russell district court; JACOB C. RUPPENTHAL, judge. Opinion filed January 11, 1908. Affirmed.

*Fred S. Jackson,* attorney-general, and *John S. Daw-son,* assistant attorney-general, for The State; *L. B. Beardsley,* of counsel.

*E. W. Grant,* and *Julius Cohn, amici curiæ.*

The opinion of the court was delivered by

GRAVES, J.: This is a proceeding to determine the sufficiency of an information, filed in the district court of Russell county, which, except formal and unnecessary parts, reads:

"I, M. F. Gernon, the undersigned, county attorney of the said county of Russell, in the state of Kansas, . . . come now here and give the court to understand and be informed that on the 23d day of October, A. D. 1906, the said defendant, Alna R. Rhodes, then and there being, was then and there the owner in fee simple of the following-described real estate, situate in the said county of Russell, in the state of Kansas, to wit: . . . That on the said 23d day of October, 1906, the said defendant, Alna R. Rhodes, and one Minnie E. Rhodes, his wife, at the said county of Russell, in the state of Kansas, made, executed and delivered to one Marc L. Friend their certain principal promissory note, in writing of that date, whereby, for value received, they promised to pay to the order of said Marc L. Friend, in five years after the date thereof, the sum of seven hundred dollars, with interest at the rate of six per cent. per annum until paid, according to ten interest coupon notes for twenty-one dollars each, and annexed to and bearing even date with said principal note.

"That for the purpose of securing the payment of said principal and interest notes, and the sums of money to become due thereon, the said Alna R. Rhodes and Minnie E. Rhodes, at the said county of Russell, in the state of Kansas, and on the said 23d day of October, 1906, made, executed and delivered unto the said Marc L. Friend their certain mortgage, in writing of that date, whereby they, said Alna R. Rhodes and Minnie E. Rhodes, did grant, bargain, sell and mortgage unto the said Marc L. Friend, his heirs and assigns, the aforesaid property situate in the said city of Lucas, in the county of Russell, in the state of Kansas;

that said mortgage was duly filed for record in the office of the register of deeds of said Russell county, Kansas, on the 28th day of May, 1907, at one o'clock P. M. of said day, and duly recorded in volume 25 of mortgage records of said county, at page 592. A copy of said mortgage is hereto attached, marked 'Exhibit A' and made a part of this information.

"That the said Marc L. Friend is now and always has been the legal holder and owner of said note, mortgage and coupon notes, and that said mortgage, note and coupon notes have never been paid, or any part thereof, and that the same are outstanding and in force; that the said defendant, Alna R. Rhodes, is now, and ever since the time of the making of said mortgage, note and coupon notes has been, the owner of said real estate hereinbefore mentioned and described, and every part thereof.

"And I, the undersigned, county attorney, do further give the court to understand and be informed that, on the 21st day of May, A. D. 1907, and while said mortgage heretofore mentioned and described, and given previously to said Marc L. Friend, as aforesaid, was outstanding, and in force, as aforesaid, and unrecorded in the office of the register of deeds of said Russell county, Kansas, the said Alna R. Rhodes, then and there being, joined by his said wife, Minnie E. Rhodes, at and within the said county of Russell, in the state of Kansas, did then and there wilfully and unlawfully, and with the intent then and there of him, the said Alna R. Rhodes, the said Marc L. Friend to defraud, make, execute and acknowledge their other certain mortgage in writing of that date to one Harriet Rhodes, whereby he, said Alna R. Rhodes, joined by his said wife, Minnie E. Rhodes, conveyed, sold and mortgaged to said Harriet Rhodes, for the purported consideration of three hundred and fifty dollars, the real estate heretofore mentioned and described and theretofore mortgaged to said Marc L. Friend, as aforesaid, to wit: . . . That said mortgage, so made and given to said Harriet Rhodes, as aforesaid, was, on the 22d day of May, 1907, at ten o'clock A. M., and prior to the recording of the mortgage given to said Marc L. Friend, as aforesaid, filed for record in the office of the register of deeds of said Russell county, Kansas, and recorded in volume 25 of mortgage records of said county, at page 591; and which mortgage, so made and given to said

Harriet Rhodes by said Alna R. Rhodes and Minnie E. Rhodes, and recorded as aforesaid, with indorsements thereon, is in words and figures as follows: [Here follows an ordinary real-estate mortgage from Alna R. Rhodes and wife to Harriet Rhodes.] On the back of said mortgage appears the following record item: 'State of Kansas, Russell county, ss. I certify that this instrument was filed for record on the 22d day of May, A. D. 1907, at ten o'clock A. M., and duly recorded in book 25 of mortgages, at page 591.' That said Alna R. Rhodes, in the said mortgage so made and executed by him and the said Minnie E. Rhodes to the said Harriet Rhodes, as aforesaid, and recorded as aforesaid, wilfully, purposely and unlawfully, and with the intent of him, the said Alna R. Rhodes, the said Marc L. Friend to defraud, failed to and did not recite or describe, or state in substance therein, the mortgage so made and given to the said Marc L. Friend, as aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

"Exhibit A" attached to the information is an ordinary real-estate mortgage, from Alna R. Rhodes and wife to Marc L. Friend, covering the same property as the one to Harriet Rhodes. On the back of this mortgage appears the following record item:

"State of Kansas, Russell county, ss. I certify that this instrument was filed for record on the 28th day of May, A. D. 1907, at one o'clock P. M., and duly recorded in book 25 of mortgages, at page 592."

A motion to quash was allowed. The journal entry thereof reads:

"Now, on this 2d day of August, 1907, at an adjourned session of the regular May, 1907, term of said court, there came on for hearing in said cause the certain motion of defendant made and filed in said cause on July 30, 1907, to quash the information filed in said cause, which motion, omitting the caption, is in words and figures as follows:

" 'Comes now the defendant and moves the court to quash the information filed herein, for the following reasons:

" '(1) That the court has no jurisdiction of the person of the defendant.

" '(2) That the information does not state a cause of action or a crime under the laws of the state of Kansas.

" '(3) That the information does not definitely describe an offense against the laws of the state of Kansas.

" 'Wherefore, the defendant prays that his motion be sustained, and that the information be quashed, and that he have his costs.'

"The said plaintiff appearing by M. J. Gernon, county attorney of said county, and L. B. Beardsley, of counsel; the said defendant appearing in person and by his attorney, George W. Holland; and thereupon said motion was argued to the court, and after argument of counsel, and the court being fully advised in the premises, said motion was by the court sustained and the information filed in said cause quashed, upon the ground and for the sole reason that, in the judgment of the court, section 99 of the crimes act, being general section 2092 of the General Statutes of 1901, has no application to, and does not cover, the offense charged in said information—that is, that a second mortgage is not a 'deed or writing for the conveyance or assurance of lands, tenements or hereditaments' within the meaning of said statute; that this was the sole and only question passed upon by the court, and no other question was considered by the court in passing upon said motion. To which ruling and judgment of the court sustaining said motion and quashing said information the plaintiff, the state of Kansas, at the time duly excepted, and still excepts, and reserves the question for appeal to the supreme court of the state of Kansas."

The statute under which the information was drawn, being section 2092 of the General Statutes of 1901, reads:

"Every person who shall make, execute or deliver any deed or writing for the conveyance or assurance of any lands, tenements or hereditaments, goods or chattels, which he had previously, by deed or writing, sold, conveyed, mortgaged or assured, or covenanted to convey or assure to any other person, such first deed being outstanding and in force, and shall not in such second deed or writing recite or describe such former deed or

writing, or the substance thereof, with intent to de-
fraud, and every person who shall knowingly take or
receive such second deed or writing, shall on conviction
be adjudged guilty of a misdemeanor."

The only question presented here is whether a real-
estate mortgage is a "conveyance or assurance of any
lands" within the meaning of this statute. The word
"conveyance" has no fixed technical meaning. In some
states, by statute, it is defined to be the transfer of per-
sonal property or any interest in real estate. But in
states where there is no statutory definition the word
retains its common-law meaning, which is the transfer
of the title to real estate. (9 Cyc. 860, and notes.) In
states where a real-estate mortgage conveys the legal
title of the land to the mortgagee, mortgages are held to
be conveyances. (7 A. & E. Encycl. of L. 488, and
notes.) Where not controlled by statute the weight of
authority seems to be that "conveyance" means the
transfer of the title to real estate. (See the two au-
thorities cited above, where the subject is fully dis-
cussed, and cases cited in the notes.)

It is a familiar rule of interpretation that criminal
and penal statutes will be strictly construed in favor of
the defendant. (26 A. & E. Encycl. of L. 658; U.
States v. Wiltberger, 18 U. S. 76.) The act made crim-
inal by the statute under which this information was
drawn is the "conveyance or assurance" of property
which has been previously "sold, conveyed, mortgaged
or assured," or covenanted to be conveyed or assured.
It will be seen that the language here used to describe
the condition of property sought to be protected is much
broader and more comprehensive than the language
used to describe the acts which the grantor is prohib-
ited from doing toward such property. This indicates
that the word "conveyance," as first used, was not in-
tended to be synonymous with, or to include, the word
"mortgage," or both would not have been used. It
seems, therefore, that the interdicted act was intended
to be something more than making a mortgage. This

The State v. Rhodes.

idea is borne out by the fact that real-estate mortgages have not been regarded in this state as instruments of conveyance. A real-estate mortgage does not transfer any part of the land to the grantee. Under our law, such a mortgage is a mere security—an incident to a debt, to secure which it is given. (*Kelso v. Norton,* 65 Kan. 778, 70 Pac. 896, 93 Am. St. Rep. 308; *Stark v. Morgan,* 73 Kan. 453, 85 Pac. 567, 6 L. R. A., n. s., 934.)

It is urged that even in this state a mortgage at least conveys a lien. It would be more nearly accurate, we think, to say that it creates a lien upon the land in favor of the grantee, and thereby constitutes an encumbrance upon it, rather than a conveyance.

The word "assurance" comes to us from very ancient times and refers to the instrument itself rather than to what it accomplishes. It is defined to be "any instrument which confirms the title to an estate." (1 Bouv. Law Dict. 186.) It was anciently used to evidence and assure title to the grantor in a transfer of real estate previously made. (1 Words & Ph. Jud. Def. 591.) We conclude that an ordinary real-estate mortgage is not included in the words "conveyance or assurance," as used in section 2092 of the General Statutes of 1901, and, therefore, concur in the decision of the district court.

This case was presented here by counsel for the state only. The defendant did not appear. That side of the case, however, has been very fully and ably discussed in a carefully written brief prepared by Messrs. E. W. Grant and Julius Cohn, students in the law department of the state university, who did so as friends of the court. We acknowledge our obligation to them for the assistance thus given.

The judgment of the district court is affirmed.