THE CITY OF WINFIELD, *Appellant*, V. W. P. HACKNEY,
*Appellee*.

No. 17,980.

### SYLLABUS BY THE COURT.

CITY ORDINANCE—*Dogs—Taxation of Owner—Constitutional
Law*. The city had legislative authority to enact ordinances
to regulate and provide for taxing the owners and harborers
of dogs. It undertook to punish the owner of a dog for fail-
ure to register its name and to pay a sum of money, under
"An Ordinance in relation to the registration of dogs in the
City of Winfield and providing a penalty for the violation
thereof." *Held*, that the taxation of owners of dogs is not
embraced in this subject, and under section 1349 of the Gen-
eral Statutes of 1909, requiring the subject of an ordinance
to be clearly expressed in its title, such ordinance is void.

Appeal from Cowley district court. Opinion filed
October 12, 1912. Affirmed.

*O. P. Fuller*, of Winfield, for the appellant.

*W. P. Hackney*, of Winfield, for the appellee.

The opinion of the court was delivered by

WEST, J.: The city prosecuted the defendant for
harboring a dog in violation of an ordinance, and upon
appeal from conviction in police court it was held by
the district court that the ordinance was void and the
complaint was quashed. From this ruling the city ap-
peals, and the principal question concerns the validity
of the ordinance.

The statute (Gen. Stat. 1909, § 1395) authorizes the
council of a city of the second class to regulate and
prohibit the running at large of certain animals and
to impound such as may be found running at large,
and also contains this sentence:

"The council may also regulate and provide for tax-
ing the owners and harborers of dogs, and authorize
the killing of dogs found at large contrary to any ordi-
nance regulating the same."

Section 1349 provides, among other things :

"That no ordinance shall contain more than one subject, which shall be clearly expressed in its title."

The ordinance in question is entitled:

"An Ordinance in relation to the registration of dogs in the City of Winfield and providing a penalty for the violation thereof."

It is made an offense for any person to keep or harbor a dog of certain age in the city unless at a prescribed time the name and description be registered with the city clerk and a certain sum of money be paid to him or to the dog-tax collector. The ordinance further provides that each registered dog shall wear a collar with a suitable tag or metallic check indicating that this sum has been paid. The amended complaint charged that the defendant did unlawfully keep and harbor a female dog without having such dog registered and paying the fee therefor as provided by law. The provision regarding the title of an ordinance is the same as the requirement of section 16 of article 2 of the constitution respecting the title of an act of the legislature, and while the former strictness has been somewhat modified by the trend of later decisions the requirement is still mandatory, and unless the act or ordinance be given a generic title, or one which may readily be construed and considered as generic, the specific thing sought to be covered must be expressly stated. The only authority the legislature has given the council in this respect is to regulate and provide for taxing the owners and harborers of dogs, and the city, instead of following this authority, saw fit to ordain in relation to the registration of dogs. Registration might be deemed proper or necessary for the purpose of ascertaining those which had homes and owners to the end that unclaimed curs might be summarily disposed of; or there might be other reasons sufficient to authorize registration, but there is no essential or necessary connection

between the registration of dogs and the taxation of their owners. For the mere purpose of taxation the names and addresses of the owners could be procured in various other ways and possibly ways more economical than by the process indicated by the ordinance in question. Not content with making the subject of the ordinance generic, as "An ordinance in relation to dogs," or "An ordinance providing for the taxation of persons owning dogs," the title was limited merely to one in relation to the registration of dogs.

In *Stebbins v. Mayer*, 38 Kan. 573, 16 Pac. 745, the title was, "An ordinance prohibiting animals from running at large in the city," and one section contained a provision similar to that now under consideration concerning the registration of dogs, and it was held that this provision was not embraced within the title and was void. In *Railroad Co. v. Kearny County*, 58 Kan. 19, 48 Pac. 583, an act whose title purported to attach Kearny to Finney county the body of which attached it to Hamilton county, was held void. In *Clark v. Comm'rs of Wallace Co.*, 54 Kan. 634, 39 Pac. 225, "An act to protect fruit trees, hedge plants, and fences' (syl. ¶ 1), which contained a provision for paying bounties for gopher scalps, was held void. It might be argued with as much aptness that these animals might injure trees and that therefore it was for the protection of trees to provide for taking their scalps as it can be argued that the registration of dogs may tend towards the taxation of their owners. In *Kansas City v. Overton*, 68 Kan. 560, 75 Pac. 549, it was contended that an ordinance was void which provided for a license tax, because it operated to regulate business as well as to raise revenue, but it was said:

"The ordinance treats of a single subject, namely, the imposition of a license-tax on hucksters and hawkers, and the title explicitly points out the subject of the enactment. The fact that the enforcement of the ordinance may operate to regulate as well as provide

revenue does not indicate two subjects nor make it obnoxious to the fundamental rule." (p. 561.)

Without citing further authorities it is sufficient to say that the plain mandatory requirement of the statute was not followed by the city in selecting the title for this ordinance and the prosecution therefore can not be upheld.

The judgment is affirmed.