City of Wichita v. Lewis.

---

No. 20,415.

THE CITY OF WICHITA, *Appellee,* v. E. A. LEWIS, *Appellant.*

### SYLLABUS BY THE COURT.

CITY ORDINANCE—*Regulating Sale of Nonintoxicating Beverages—Limits of Title.* The title of a city ordinance which reads, "An ordinance regulating the sale, barter and gift of Malt, Hop Tea, Hop Tea Tonic, Two Percent, Tin Hop, Health Tone, Rosenbrew, and all other nonintoxicating malt or other beverages containing any per cent of alcohol whatever," is not broad enough to include a provision in the body of the ordinance attempting to regulate the sale of nonintoxicating beverages that contain no per cent of alcohol, and that part of the ordinance is void because in conflict with section 1060 of the General Statutes of 1909.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed March 11, 1916. Reversed.

*C. V. Ferguson,* and *E. J. Dierks,* both of Wichita, for the appellant.

*James A. Conly,* city attorney, and *S. S. Hawks,* assistant city attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: . The appellant was convicted of the charge of violating a city ordinance by making a sale of one glass of a beverage "known as and commonly called "Temp-Brew." The validity of the ordinance is the sole question raised by the appeal.

The city of Wichita is a city of the first class. In 1909 it passed an ordinance the title of which reads:

"An ordinance regulating the sale, barter and gift of Malt, Hop Tea, Hop· Tea Tonic, Two Percent, Tin Hop, Health Tone, Rosenbrew, and all other nonintoxicating malt or other beverages, containing any per cent of alcohol whatever, in the city of Wichita, and providing a penalty for the violation of this ordinance, and repealing ordinance number 3187 and all other ordinances or parts of ordinances in conflict with this ordinance."

The words *"containing any per cent of alcohol whatever"* appear in the title, but are omitted in the body of the ordinance.

The provision of the ordinance which appellant was charged with violating is that part of section 1 which reads:

"That it shall be unlawful for any person or persons to sell, barter or give away in the city of Wichita, any Malt, Hop Tea, Hop Tea Tonic, Two Percent, Tin Hop, Health Tone, Rosenbrew, or any other nonintoxicating malt or other beverage in less quantities than one (1) gallon at a sale."

At the trial the cause was submitted upon an agreed statement of facts, which is embodied in the court's findings. This statement is, that the beverage sold by the appellant was known as "Temp-Brew"; that it had been subjected to a chemical analysis which showed that the beverage contained "no alcohol, maltose, malt, or yeast cells, and that it furnished no evidence of fermentation." The court found it to be "a beverage having the color and appearance of beer" and "an odor similiar to beer," that when drawn from a keg it "foams like beer, but does not taste like beer, and that it is a brewery product" which "in color, odor, and appearance as to foaming is very similar to 'Two-Percent' but not similar in taste."

All parts of the ordinance, including the title, should be read together in order to determine the object and purpose of its enactment. The title shows that the city intended to prohibit the sale of all beverages which are specifically enumer-

ated therein and "all other nonintoxicating beverages containing any per cent of alcohol whatever." It is unreasonable to suppose that it was intended to prohibit the sale of all nonintoxicating beverages, although section 1 reads, "or any other nonintoxicating malt or other beverage," for literally the ordinance would prohibit the sale, in quantities less than one gallon, of lemonade, tea, milk, soda-pop, coffee, buttermilk, and all kinds of beverages usually dispensed at drug stores and soda founts, regardless of whether they are intoxicating or nonintoxicating.

It is more in accord with reason to hold that it was the intention of the city to prohibit the sale, in quantities less than one gallon, of all nonintoxicating beverages containing any per cent of alcohol whatever. If, as argued by the city, it was the intention to prohibit the sale of any beverage which is a brewery product, whether intoxicating or nonintoxicating, and regardless of whether it contains any per cent of alcohol, then the ordinance would be open to the objection that it is unreasonable and void. The legislature has not authorized cities to prohibit the sale of harmless beverages merely for the reason that they are manufactured in breweries. A brewery might engage in the manufacture of grape juice, soda-pop, bottled lemonade, or other harmless beverages.

But there is no occasion for speculation concerning the motive or wisdom or propriety of the provisions which appellant is charged with violating. The broad language of section 1 of the ordinance is necessarily limited by the language of the title. (Gen. Stat. 1909, § 1060; *City of Winfield v. Hackney*, 87 Kan. 858, 126 Pac. 1088, and cases cited in the opinion.)

Referring to the constitutional provision in regard to the title of a statute it was said:

"Where the title to an act is not broad enough to include everything contained in the act, that which is not included within the title must be held to be invalid, for such is evidently the manifest intention of the constitution; and the courts have no power to enlarge or extend or amplify the title to an act, any more than they have to enlarge or diminish or modify or change the act itself." (*The State v. Barrett*, 27 Kan. 213, syl. ¶ 9.)

Nothing in the title indicates a purpose to classify the products of breweries and prohibit or regulate their sale; and it

is equally silent as to any purpose to regulate or prohibit the sale of beverages not containing some per cent of alcohol. The title is sufficiently broad to include the regulation of the sale of all beverages "containing any per cent of alcohol whatever" in addition to the particular beverages specifically mentioned in the title; but in order to hold that it includes the regulation of the sale of beverages that do not contain "*any per cent of alcohol whatever*," requires us to legislate something into the title which is not there. This we are forbidden to do. (*The State v. Barrett,* supra.) The ordinance is penal and must be construed strictly, the same as a criminal statute; which means "that the language is not to be extended by implication so as to embrace cases or acts not clearly within the prohibition of the statute." (*The State v. Prather,* 79 Kan. 513, 515, 100 Pac. 57, 21 L. R. A., n. s., 23, 131 Am. St. Rep. 339.)

The provisions of section 1 of the ordinance, so far as they apply to the admitted facts in this case, not being included in the language of the title, are in conflict with section 1060 of the General Statutes of 1909, and therefore must be held void.

The judgment is reversed.