No. 24,606.

THE STATE OF KANSAS, *Appellant,* v. GERALD BROWN, *Appellee.*

SYLLABUS BY THE COURT.

1. RACIAL DISCRIMINATION—*Restaurant or Lunch Room—Not An "Inn, Hotel or Boarding-house."* A restaurant or lunch room is not an "inn, hotel or boarding-house" within the meaning of those words in a civil-rights act forbidding racial discrimination by those in charge thereof.

2. SAME. A restaurant is not brought within the scope of a statute forbidding racial discrimination by the manager "of any inn, hotel or boarding-house, or any place of entertainment or amusement for which a license is required by any of the municipal authorities of this state" by the fact that a state license is exacted for its operation.

Appeal from Hodgeman district court; ROSCOE H. WILSON, judge. Opinion filed February 10, 1923. Affirmed.

*Richard J. Hopkins,* attorney-general, *B. H. Asher,* county attorney, and *William Bradshaw,* of Topeka, for the appellant.

*Albert H. Wilson,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: Gerald Brown was arrested for an alleged violation of the civil-rights law forbidding discrimination in certain cases on account of race. A motion to quash the information was sustained, and the state appeals.

The statute involved, so far as here important, reads: "if . . . the owner or owners, agents, trustees or managers in charge of any inn, hotel or boarding-house, or any place of entertainment or amusement for which a license is required by any of the municipal authorities of this state, . . . shall make any distinction on account of race, color, or previous condition of servitude, the person so offending shall be deemed guilty of a misdemeanor, . . ." (Gen. Stat. 1915, § 3791.)

The information is somewhat indefinite in its allegations, but will be assumed to be sufficient in that respect. It charges that the defendant "did . . . unlawfully make a distinction with one William Bradshaw, on account of race, color or previous condition of servitude, by refusing to serve him, the said William Bradshaw, lunch in his restaurant and lunch room, for which the said Gerald Brown is duly licensed under and by virtue of the laws of the state of Kansas to serve the general public meals and lunches."

1. In the state's brief it is contended that a restaurant or lunch room is a hotel or inn and also a boarding-house, within the meaning of the statute. The words "hotel" and "inn" are practically synonymous (4 Words and Phrases, 3625; 2 Words and Phrases, 2d series, 1083, 1084) although a distinction between them is sometimes made, as by calling an inn of the better class a hotel (Webster's International Dictionary). An inn, as the term is ordinarily used, offers to travelers both lodging and food. (See Words and Phrases, title "Inn.") "A coffee-house or a mere eating house is not an inn. To constitute an inn there must be some provision for the essential needs of a traveller upon his journey, namely, lodging as well as food." (Bouvier's Law Dictionary, Rawle's Third Revision, 1582.) "The keeper of a restaurant who has no beds for the accommodation of travelers is not an innkeeper . . . a mere restaurant or eating house is not an inn." (Wandell's Law of Inns, etc., 27.) "The keeper of a restaurant or cafe, so far as those terms are used to designate a mere eating house, where no provision is made for lodging the guest, is not an innkeeper." (16 A. & E. Encycl. of L. 512.)

A boarding-house differs from an inn or hotel both in being less public in character and in arranging with its guests to provide for them during some more or less definite period. (8 C. J. 1132; 16 A. & E. Encycl. of L. 510, 511; 4 Words and Phrases, 3624.) The same considerations would obviously distinguish it from a restaurant or lunch room.

While in some cases a greater liberality of construction might be justified, the specific mention of inns, hotels and boarding-houses, without words extending their meaning, in the definition of a public offense, too strongly suggests the exclusion of restaurants to allow their inclusion by construction.

A restaurant keeper may of course have rooms for rent to his customers or may accept boarders by the week, thus making his establishment a hotel or a boarding-house, but the information does not allege that the defendant did so, and does not expressly or even by implication characterize his place as one of those named in the statute.

2. It might be suggested (although the contention has not been made) that the information is good by virtue of the allegation that the defendant was licensed to serve the general public meals and lunches. The statute prohibits racial discrimination by the owner of

"any place of entertainment or amusement for which a license is required by any of the municipal authorities of this state," and a restaurant in one sense is a place of entertainment. We regard the context however, as associating the word entertainment with amusement, so that what is meant is that the prohibition besides covering on the one hand inns, hotels and boarding-houses, irrespective of any question of license, covers on the other hand places of diversion (such for instance as shows of any kind) for which a local license is exacted. Under a statute enacted in 1913, a state license is necessary for the conduct of a restaurant (Gen. Stat. 1915, § 5086), but we think this is not the character of license indicated by the phrase, "required by any of the municipal authorities of this state."

The judgment is affirmed.

HOPKINS, J., not sitting.