No. 27,125.

THE ELMER F. BAGLEY INVESTMENT COMPANY, *Appellee*, v. H. D. MERRICK and ELLSWORTH SHERMAN, *Appellants*.

SYLLABUS BY THE COURT.

1. HAIL INSURANCE—*Excessive Rate—Validity of Note Given Therefor*. In an action to recover on a promissory note given in payment of the premium for a hail insurance policy, the proceedings considered and *held*, (a) the note was not void because of an excessive rate charged for the insurance; (b) the evidence justified the amount of the judgment.

2. STATUTES—*Construction of Penal Acts*. Rule followed that the provisions of a penal statute will be strictly construed.

3. BILLS AND NOTES—*Trial Generally*. Various alleged errors considered and not sustained.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed February 12, 1927. Affirmed.

*A. Schulman*, of Garden City, for the appellants.
*Robert Fields, Ralph Hoskinson*, both of Garden City, *Bennett·R. Wheeler, S. M. Brewster, John L. Hunt* and *V. V. Scholes*, all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The action was one to recover the amount of a promissory note given in payment of an insurance premium for hail insurance on a crop of melons. Defendant Sherman in a cross petition sought to recover certain unpaid commissions. Plaintiff prevailed, and defendants appeal.

---

Hail Insurance, 29 C. J. p. 206 n. 24. Payment, 30 Cyc. p. 1196 n. 32. Statutes, 36 Cyc. p. 1183 n. 46; 25 R. C. L. 1081.

The facts are substantially these:

The defendant Sherman who had acted as plaintiff's agent in other transactions, on inquiry was advised that plaintiff would write the insurance of $20 an acre at 12 per cent. On July 27, 1922, defendant Merrick executed a note for $264 for $2,000 hail insurance on a crop of growing melons. A loading charge of 10 per cent was added because the premium was paid by note instead of cash. Sherman indorsed the note in order that the loading charge might come to him in addition to his regular commission. There was evidence that hail rates for plaintiff, filed with the insurance department, were 7 per cent in Finney county, with an additional 2 per cent charge for vine crops, so that a rate of 9 per cent should have been used in ascertaining the amount of the premium.

A statute (R. S. 40-474) gives the superintendent of insurance practically the same regulation and control over hail, windstorm or tornado companies that he has over fire insurance companies. Another statute (R. S. 40-470) provides that "any fire insurance company or any director or officer thereof, or any agent or person acting for or employed by such company, who shall violate the provisions of the act shall be guilty of a misdemeanor and shall be punished, etc. The defendants contend that the penal provisions of the quoted statute with reference to fire insurance companies also apply to hail companies, and that therefore a note given for a premium on a hail policy which exceeds the standard rate is void. The contention cannot be sustained. Penal statutes are subject to the rule of strict construction. Nothing may be added to them by inference or intendment. (*Schultz v. Morgan,* 1 Kan. App. 572; *State v. Chapman,* 33 Kan. 134, 5 Pac. 768; *State v. Prather,* 79 Kan. 513, 100 Pac. 57; *City of Wichita v. Lewis,* 97 Kan. 589, 155 Pac. 948; 25 R. C. L. 1081; 36 Cyc. 1183.) The provisions of the statutes to which reference is made contain no language which may be properly construed as extending the penal provisions of section 40-470 to hail companies.

A contention that the trial court erred in arriving at the amount of the judgment cannot be sustained. It is argued that the court should have allowed the defendant Sherman a commission on a note of one Conley, received for insurance and indorsed by the defendant which had been renewed without defendant's consent. It appears that the Conley note has never been paid. It was renewed only.

The renewal did not pay the debt, and defendant was not entitled to his commission until it was paid. The record presents no error which would warrant a reversal.

The judgment is affirmed.