No. 34,494

LULU RUTH BROWN, *Appellee*, v. THE MEYER SANITARY MILK COMPANY, *Appellant*.

(96 P. 2d 651)

Opinion filed December 9, 1939.

*O. Q. Claflin*, of Kansas City, for the appellant.

*Forrest B. Anderson*, of Kansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages. The defendant demurred to the petition of plaintiff. That demurrer was overruled. Defendant appeals.

The petition alleged that the defendant was a corporation authorized to do business in Kansas City; that it was engaged in the dairy business; that in the operation of its business it operated a place of amusement and entertainment consisting of a confectionary, restaurant and ice-cream parlor in Kansas City, Kan.; that a license is required of such business by the municipal authorities of Kansas City, Kan.; that this place was open to the general public and was equipped with a radio, tables, chairs and counters for the accommodation of its customers to whom it served ice cream, coffee, sandwiches, meals and soft drinks. The plaintiff further alleges that about July 30, 1938, she sat down at a table in this place and asked to be served a dish of ice cream; that the servant of defendant told plaintiff that she would not serve Negroes in the place and said "I have orders from the boss and manager not to serve colored people." The petition alleged further that the defendant by this conduct discriminated against plaintiff on account of her color, race and previous condition of servitude and that these acts were a violation of G. S. 1935, 21-2424. The petition further alleged that she had a right to the enjoyment of the privileges, conveniences and accommodation of this place and in like circumstances with the general public, and

the defendant deprived her of the full and equal privileges afforded other patrons of that place; and that thereby she was discriminated against on account of her race and color; that her feelings were hurt; she suffered humiliation, disgrace, chagrin and mental anguish; that she was compelled to hire a taxicab to go home at the cost of money in the amount of fifteen cents; that altogether she suffered actual damages in the sum of five thousand dollars; that the defendant's refusal to serve her on account of her race was wanton and malicious conduct on the part of defendant and she suffered punitive damages in the sum of five thousand dollars.

Judgment was prayed for that amount.

To this petition the defendant interposed a general demurrer for the reason that it did not state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant. This demurrer was overruled, hence this appeal.

The action is based upon G. S. 1935, 21-2424. That section reads as follows:

"That if any of the regents or trustees of any state university, college, or other school of public instruction, or the state superintendent, or the owner or owners, agents, trustees or managers in charge of any inn, hotel or boarding-house, or any place of entertainment or amusement for which a license is required by any of the municipal authorities of this state, or the owner or owners or person or persons in charge of any steamboat, railroad, stagecoach, omnibus, streetcar, or any other means of public carriage for persons or freight within the state, shall make any distinction on account of race, color, or previous condition of servitude, the person so offending shall be deemed guilty of a misdemeanor, and upon conviction thereof in any court of competent jurisdiction shall be fined in any sum not less than ten nor more than one thousand dollars, and shall also be liable to damages in any court of competent jurisdiction to the person or persons injured thereby."

The argument of plaintiff is that the place in question was a place of entertainment or amusement for which a license was required by the municipal authorities of the state and that a discrimination was made on account of her race, color or previous condition of servitude. This court considered a similar situation in *State v. Brown*, 112 Kan. 814, 212 Pac. 663. In that case the state charged that one Gerald Brown unlawfully made a discrimination against a colored man by refusing to serve him lunch in his restaurant or lunchroom, for the operation of which Brown was duly licensed. A motion to quash the information was sustained and the state appealed. The state argued that a restaurant or lunchroom was the same as a hotel or inn or boarding house, which is referred to in the statute. The court

reviewed the various definitions that were given for the words "hotel" "inn" or "boardinghouse" and said:

"While in some cases a greater liberality of construction might be justified, the specific mention of inns, hotels and boardinghouses, without words extending their meaning, in the definition of a public offense, too strongly suggests the exclusion of restaurants to allow their inclusion by construction." (p. 815.)

This court also' said that it might be suggested that the action was good by virtue of the allegations; that the defendant was licensed to serve the general public meals and lunches; that it might be said that a restaurant was in one sense a place of amusement. On this point this court said:

"We regard the context, however, as associating the word entertainment with amusement, so that what is meant is that the prohibition besides covering on the one hand inns, hotels and boardinghouses, irrespective of any question of license, covers on the other hand places of diversion (such for instance as shows of any kind) for which a local license is exacted. Under a statute enacted in 1913, a state license is necessary for the conduct of a restaurant (Gen. Stat. 1915, sec. 5086), but we think this is not the character of license indicated by the phrase, 'required by any municipal authorities of this state.'" (p. 816.)

Since this is a penal statute it should be strictly construed. (See *Bagley Investment Co. v. Merrick*, 122 Kan. 734, 253 Pac. 562; *State v. Rhodes*, 77 Kan. 202, 93 Pac. 610.) While the petition states that the place in question was a place of amusement and entertainment the plaintiff does not bring herself within the provisions of the statute by her bare statement that such is the case. The outcome of the case depends upon whether under the allegations of the petition the place actually is a place of amusement and entertainment, as provided in the statute.

We are unable to distinguish the ice-cream parlor as described in this case from an ordinary restaurant or lunchroom as described in the case of *State v. Brown*, supra. What is meant by the words "place of entertainment or amusement" is, in the ordinary use of those terms, a place to which people resort for the purpose primarily of being entertained or amused. The fact that a radio is maintained in an ice-cream parlor does not constitute it a place of entertainment or amusement within the meaning of this statute.

The judgment of the lower court is reversed with directions to sustain the demurrer of defendant to the petition of plaintiff.