ED. SHELLABARGER v. THE BOARD OF COMMISSIONERS OF JACKSON COUNTY *et al.*

MANDAMUS *to Canvassing Board — When not Granted — Apportionment Act — Representative District — Intention of Legislature.* Under the apportionment act of 1886, Jackson county constituted only one representative district, numbered 43. Under the apportionment act of 1891, it was divided into two representative districts, numbered 38 and 39. The 38th representative district included the city of Holton within its territorial boundaries, but the city of Holton was not mentioned in the act. At the election in 1892, votes were cast for representative in the 38th representative district, including Holton, as follows: For Nick Kline, 956 votes; for Ed. Shellabarger, 766 votes; for Moses Sarbach, 81 votes; and the canvassing board of Jackson county, in canvassing the votes cast in the 38th representative district, counted the votes cast in the city of Holton as belonging to such district. The votes cast outside of the city of Holton for candidates for representative were as follows: For Shellabarger, 629 votes; for Kline, 554 votes; for Sarbach, 14 votes. *Held,* That it was, in all probability, the intention of the legislature that Holton should constitute a part of the 38th representative district, and that the intention of the legislature should govern, although they may not have used the most appropriate language to express its intention; that the legislature could not create a representative district including a city within its territorial boundaries without providing in any manner for the city, and thereby disfranchise the voters of such city; that to disfranchise the voters of the city of Holton would be a great injustice and wrong, and *mandamus* will not lie where its only effect is to aid in accomplishing an injustice or wrong; nor will it lie to accomplish a useless or fruitless thing. In no event can it

be considered that Shellabarger was elected a representative from any district in Jackson county, and a party having no interest in the result of an action cannot maintain the action.

## Original Proceeding in Mandamus.

ACTION by *Ed. Shellabarger* against the *Board of Commissioners of Jackson County*, and another, to compel defendants to recanvass the votes cast for representative of the 38th representative district in the general election in 1892. Writ refused. The material facts are stated in the opinion herein, handed down January 7, 1893.

*W. C. Webb, G. C. Clemens*, and *Frank Doster*, for plaintiff.

*T. F. Garver, S. R. Peters, Chester I. Long*, and *F. B. Dawes*, for defendants.

The opinion of the court was delivered by

VALENTINE, J.: This is an application brought originally in this court, by Ed. Shellabarger, for a writ of *mandamus* to compel the board of county commissioners of Jackson county, as a board of county canvassers, and the county clerk, to reconvene and recanvass the votes cast at the general election held in November, 1892, for the office of representative of the 38th representative district. It appears that the board, in its previous canvass, declared that for that office Nick Kline received 956 votes, Shellabarger received 766 votes, and Moses Sarbach received 81 votes, and showing that Kline was duly elected. The canvassing board in its canvass included the votes cast in the city of Holton, while Shellabarger claims that such votes should not be counted, and that by counting the others only, and not them, the number of votes cast for Shellabarger would be 629; for Kline, 554; and for Sarbach, 14; total, 1,197. The writ of *mandamus* must be refused. Under the apportionment act of 1886, Jackson county constituted only one representative district, numbered 43. Under the apportionment act of 1891, which is now in

force, that county is divided into two representative districts, numbered 38 and 39. The 38th district is composed of six townships in the northeast part of the county, and contains about one-third of the territory of the county. The 39th district is composed of the remaining townships of the county. The city of Holton is not mentioned by name in the act. It is situated, however, wholly within the territorial boundaries of the 38th district, and, so far as the map presented to the court during the hearing of the application shows, it is also situated wholly within the territorial boundaries of Franklin township, which is one of the townships of the 38th representative district.

Unquestionably the legislature intended to include Holton within the 38th representative district, for, if it is not within that district, then the voters of the city of Holton must be and are disfranchised, so far as representative is concerned; and it cannot be supposed that the legislature ever intended any such illegal and outrageous thing. Besides, if the city of Holton is not included within the 38th representative district, then such district will have an exceedingly small voting population — only 1,197 votes; while the surrounding representative districts in that county, and the counties of Pottawatomie, Marshall, Nemaha, Brown, Atchison, Jefferson, Shawnee, and Wabaunsee — 12 representative districts — have an average voting population of over 3,400. Even with Holton in the 38th representative district, the district would have a comparatively small voting population — only 1,806. Probably, under the general rules for the construction of statutes, it should be held that Holton is within such district; for it is a general rule of construction that the intention of the legislature shall govern whenever that intention can be fairly ascertained, although the most appropriate language might not be used in expressing that intention. If it were held that the city of Holton is within the 38th representative district, that would end this case; for in that case the board of canvassers did precisely what was its duty to do, and Kline, and not Shellabarger, was elected representative of that dis-

trict.   But if it should be held that the city of Holton is not within the 38th representative district, and that its voters should be disfranchised, then it must be held that the canvassing board did not do its duty.   We shall cite some of the authorities upon the construction of statutes.   Where it reasonably appears what was the intent of the legislature, the statute will be construed so as to effect that intent, although contrary to the letter of the statute.   (*In re Vanderberg*, 28 Kas. 243, 258; Sedg. Stat. Constr. [2d ed.] 254, 255, note; *Canal Co. v. Railroad Co.*, 4 Gill & J. 152; *Brown v. Somerville*, 8 Md. 444, 456; *City of Wichita v. Burleigh*, 36 Kas. 34, 42; *People v. Utica Ins. Co.*, 15 Johns. 358; same case, 8 Am. Dec. 243, 251; *Pond v. Maddox*, 38 Cal. 572; *Amberg v. Rogers*, 9 Mich. 340; *The State v. Boyd*, 2 Gill & J. 365, 374; *Car Spring Co. v. Railroad Co.*, 11 Md. 81; same case, 69 Am. Dec. 181; *United States v. Freeman*, 3 How., U. S., 556, 565; *Murray's Lessee v. Baker*, 3 Wheat. 541; *Oates v. National Bank*, 100 U. S. 239; *United States v. Kirby*, 7 Wall. 483, 486, 487.)

"Statutes are sometimes extended to cases not within the letter of them, and cases are sometimes excluded from the operation of statutes, though within the letter, on the principle that what is within the intention of the makers of a statute is within the statute, though not within the letter; and that what is within the letter of a statute, but not within the intention of the makers, is not within the statute; it being an acknowledged rule in the construction of statutes that the intention of the makers ought to be regarded." (*The State v. Boyd*, 2 Gill & J. 374.)

"Statutes should be construed with a view to the original intent and meaning of the makers, and such construction should be put upon them as best to answer that intention, which may be collected from the cause or necessity of making the act, or from foreign circumstances, and, when discovered, ought to be followed, although such construction may seem to be contrary to the letter of the statute." (*Canal Co. v. Railroad Co.*, 4 Gill & J. 152, approved in *Car Spring Co. v. Railroad Co.*, 11 Md. 81; same case, 69 Am. Dec. 181.)

"Laws to carry on the government are to receive a liberal construction to effectuate the objects designed; and if the

legislative purpose can be arrived at, in the absence of express language, that meaning is to be observed and obeyed." (*Hardesty v. Taft*, 23 Md. 513; same case, 87 Am. Dec. 584, 588.)

"A thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter, and a thing which is within the letter of the statute is not within the statute unless it be within the intention of the makers, and such construction ought to be put upon it as does not suffer it to be eluded." (*People v. Utica Ins. Co.*, 15 Johns. 358; same case, 8 Am. Dec. 243, 251.)

"The meaning of the legislature may be extended beyond the precise words used in the law, from the reason or motive upon which the legislature proceeded, from the end in view, or the purpose which was designed." (*United States v. Freeman*, 3 How., U. S., 565.)

"All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or, an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language, which would avoid results of this character. The reason of the law in such cases should prevail over its letter." (*United States v. Kirby*, 7 Wall. 482, 486, 487.)

If it should be held that the city of Holton is not within the 38th representative district, then it must be held that the apportionment, so far at least as the city of Holton and perhaps the district or county is concerned, is absolutely void. (*The State v. Van Duyne*, 39 N.W. Rep. [Neb.] 612; Cooley, Const. Lim. [6th ed.] 775; *Attorney General v. Board of Supervisors*, 11 Mich. 63; *People v. Maynard*, 15 id. 463, 469, 471.) The legislature had no authority to disfranchise the voters of the city of Holton; and if it attempted to do so, or left it out inadvertently, its act or omission would be void. If such an act or omission would render the district void, then Shellabarger, the applicant, would have no interest in any recanvass of the votes, for no person could be considered as having been elected a representative of a district which had no existence. Any recanvass of the votes in such a case would be absolutely fruitless, and Shellabarger could

obtain no rights under such a recanvass; and a writ of *man-damus* will never be allowed where it can accomplish nothing, or where under it the applicant can obtain no benefit. But if only the act or omission of leaving Holton out of the district would be void, and if the district with Holton in it is valid, then the board of canvassers did its exact duty, and Kline is elected. No one has any right to claim an election under the apportionment law of 1886, for that law was absolutely repealed by an express provision of the statute when the apportionment law of 1891 took effect. But even if it was not repealed, and if it were still in force, and if Jackson county is still the old 43d representative district, still Shellabarger could not claim to be elected under that apportionment, for he did not receive a majority or even a plurality of all the votes cast in Jackson county for representative. Each of two others received a higher number of votes than he did, to wit, the aforesaid Kline in the 38th district, and J. F. Pomeroy in the 39th district. Kline received the highest number of votes for representative of any person in Jackson county.

But aside and independent of all the foregoing, Shellabarger has no right to a writ of *mandamus*. The allowance of Mandamus, when not issued. a writ of *mandamus* is largely within the discretion of the court, and it is never allowed or issued where it will work injustice and wrong. Courts never lend their aid by *mandamus* to perpetrate an injustice or a wrong, and it would certainly be a great injustice, a great wrong, indeed a great outrage, to disfranchise the voters of the city of Holton, and to allow such a small voting district, as the district without Holton would be, surrounded by populous districts, to elect a representative. This injustice, however, is, in effect, just what is asked for in the present case. It therefore follows, in any view we may take of the case, that Plaintiff, not elected. Shellabarger is not elected; and whether the city of Holton is in or out of the 38th representative district, Shellabarger can have no possible interest in a recanvass. If the city of Holton is in the district, either because

the legislature intended that it should be in, or because the legislature, in creating the district, and in surrounding Holton, and including it within the boundaries of the district, and without otherwise providing for Holton, could not legally leave Holton out of the district, still Kline, and not Shellabarger was elected. If, by leaving the city of Holton out of all districts, the 38th district is void, then still Shellabarger could not be considered as elected, and would have no interest in the result of this action. If the old apportionment of 1886 is still in force and governs, then Kline is elected, and not Shellabarger; and a party having no interest in the result of an action cannot maintain the action.

The writ of *mandamus* will be refused.

All the Justices concurring.