JOSEPH L. LANDREY, *Plaintiff*, v. FRANK M. HOLCOMB, as County Clerk, etc., *Defendant.*

No. 18,231.

### SYLLABUS BY THE COURT.

CITY COURTS — *Boundaries of Districts — Added Territory.* Where a city is divided into two districts, each having a city court, territory added to the city will, in the absence of some specific prcvision to the contraiy, become a part of the district to which it is contiguous, notwithstanding the act creating the courts provides that each district shall consist of certain wards *"as said wards are now constituted and established"*; that provision means merely that the line of division between the two districts as so located will not be affected by subsequent changes in interior ward lines; it does not prevent the enlargement of the districts by the addition of tracts afterwards taken into the city.

Original proceeding in mandamus. Opinion filed July 6, 1912. Writ allowed.

*James M. Meek,* of Kansas City, for the plaintiff.

*L. S. Harvey,* of Kansas City, for the defendant.

The opinion of the court was. delivered by

MASON, J.: In 1897 the legislature created two courts to be known as "the city·court of Kansas City, first district," and "the city court of Kansas [City], second district." (Laws 1897, ch. 107, § 1.) The territory of the city (called a township in this connection) . was divided into two districts, which were thus defined, the words out of which the present litigation grows being printed in italics: "The first district shall be composed of the second, third and fourth wards of · Kansas City, Kansas, and the second district shall be composed of the first, fifth and sixth wards of said city, *as said wards are now constituted and established."* (Laws 1897, ch. 107, § 4.) The judges ·and clerks were required to be residents of their respective districts. Originally the voters of each district were

Landrey v. Holcomb.

to elect its judge and clerk. (§ 4.) By amendment the selection of both sets of officers was left to the voters of the city at large. (Laws 1903, ch. 212, § 1.) Joseph L. Landrey is a candidate for judge of the second district, and has presented to Frank M. Holcomb, the county clerk, for filing, a petition for his nomination for that office. The clerk, being doubtful of the construction of the statute, refuses to file the petition upon the ground that Landrey is not a resident of the territory that composed wards two, three and four, or one, five and six, when the court was created, but is a resident of the seventh ward, which has been formed from territory taken into the city since that time. Landrey asks a writ of mandamus to compel the clerk to file his petition.

The question presented is whether the plaintiff is a resident of the second district. The act creating the two districts provided that it should be composed of certain wards "as said wards are now constituted and established." The bare letter of the statute makes no provision for adding to or taking from the territory of the districts as so created, and seems to forbid any change whatever in their boundaries. The legislators must, however, have realized that the city might be enlarged by the taking in of new territory, and to suppose that they meant that territory added to the city should not become a part of either district is to impute to them a purpose to deny to residents of such territory all right to participate in the selection of the officers of either city court, and all right to be candidates for such places—a discrimination for which no possible motive is apparent. Such a purpose should not be attributed to them if the language employed is capable of any other reasonable construction. Upon this principle the court held that although all reference to the city of Holton was omitted from a legislative apportionment act, the evident purpose was that it should form a part of the 38th representative district, as the

disfranchisement of its citizens could not have been intended. (*Shellabarger v. Comm'rs of Jackson Co.,* 50 Kan. 138, 32 Pac. 132.)

Some force must be given to the words "as said wards are now constituted and established," but if possible they should be so interpreted as not to result in an unreasonable discrimination against the residents of territory subsequently attached to the city. When the act was passed the city contained but six wards. We think the purpose of the legislature in basing the division into districts upon the ward lines *as then established* was that the dividing line thus indicated should not be affected by subsequent changes of interior ward boundaries. For instance, if a tract should be detached from the fifth ward and added to the fourth, it would not thereby become a part of the first judicial district, but would remain a part of the second. The legislature evidently had in mind rearrangements of the ward lines of the territory then composing the city, and not changes resulting from the taking of new territory into the city. No special provision having been made regarding the disposition of such new territory as might be acquired from time to time, the natural inference is that the legislature intended, not that it should occupy the anomalous position of being within the municipality but not within either of its judicial districts, but that it should form a part of the district to which it was contiguous. The territory of the seventh ward, of which the plaintiff is a resident, adjoins the sixth ward, and nowhere touches the first district. Upon its being brought into the city it became, and has ever since been, a part of the second district.

It is ordered that the county clerk accept and file the nomination petition tendered by the plaintiff. The actual issuance of a writ will of course be unnecessary.