No. 20,652.

SCHOOL DISTRICT NO. 4 OF STANTON COUNTY, *Appellant*, v. GEORGE W. JULIAN et al., as the BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF STANTON, *Appellees.*

### SYLLABUS BY THE COURT.

MANDAMUS—*Levy of Taxes to Support High School—Writ Refused.* When lapse of time renders it impossible to grant the relief sought by an appeal from a judgment on an application for a writ of mandamus, the appeal will be dismissed.

Appeal from Stanton district court; GEORGE J. DOWNER, judge. Opinion filed February 10, 1917. Dismissed.

*Edgar Foster,* of Dodge City, and *H. P. Jones,* of Syracuse, for the appellant.

*William Easton Hutchison,* and *C. E. Vance,* both of Garden City, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff applied to the district court of Stanton county for a writ of mandamus to compel the board of county commissioners to levy a tax to support a high school maintained by a school district for the school year ending in June, 1916. The alternative writ was issued October 2, 1915. The defendant answered setting up certain defenses and the plaintiff's demurrer to this answer was overruled on October 11, 1915. The plaintiff elected to stand on its demurrer, but not until February 29, 1916, did it file its appeal in this court.

The time set by the statute for levying county taxes for the ensuing fiscal year is the first Monday in August. (Gen. Stat. 1915, § 11346.) Of course, if any duty to levy taxes is omitted its performance may be thereafter compelled by mandamus, but ordinarily such mandamus action must be prosecuted with dispatch so that, if proper, the peremptory writ may be issued in time to be effective—that the levy may be made and the tax extended on the rolls before taxpaying time. This of necessity would need to be not much later than November 1. (Gen. Stat. 1915, §§ 11347, 11348.) The first half of the then ensuing fiscal year's taxes must be paid by De-

cember 20 and the second half by the 20th of the following June. (Gen. Stat. 1915, § 11396.)

From this it must be obvious that it is altogether too late to be of any importance or of any service to the parties to determine now the correctness of the trial court's ruling on the demurrer to defendants' answer. Nothing this court could say or do could now cause a levy of taxes for the year 1915-1916 to be made in time to aid a district high school for the school year ending June, 1916.

In *Rice v. County Board of Canvassers*, 50 Kan. 149, 32 Pac. 134, it was said:

"There is another sufficient reason why the writ should not go. It is a fundamental rule of law that it will never be granted where, if issued, it would prove fruitless and unavailing. (*Shellabarger v. Comm'rs of Jackson Co.*, 50 Kan. 138; High, Ex. Rem., § 14; *People v. Board of Canvassers*, 129 N. Y. 370; 14 Am. & Eng. Encyc. of Law, 104.)" (p. 154. 26 Cyc. 147-149.)

While it is not squarely alleged in defendants' answer that the plaintiff's high school has been abandoned, it is inferentially pleaded, and this fact is asserted in appellee's brief and not denied, so the controversy has altogether descended to a mere moot question, and as such the appeal should be dismissed. (*Shoe Co. v. Dawson*, 94 Kan. 668, 146 Pac. 996.)

If the high school were still being conducted it might be proper to decide the legal questions as a guide in the matter of making levies for the support of the school in succeeding years. (*The State, ex rel., v. Haskell County*, 92 Kan. 961, 967, 142 Pac. 246.)

The appeal is dismissed.