No. 21,563.

SID DePRIEST et al., as Trustees, etc., of the AFRICAN METH-ODIST CHURCH, *Plaintiffs*, v. R. N. CAMP et al., as Mayor and Councilmen of the City of Salina, *Defendants*.

SYLLABUS BY THE COURT.

1. MANDAMUS—*Fruitless Writ Will Not Issue*. The settled rule that the writ of mandamus will not issue where it would be fruitless and unavailing, followed.

2. CONDEMNATION PROCEEDINGS—*Widening City Streets—Motives of City Officials*. The court can not sit in judgment upon the motives actuating municipal authorities in appropriating private property for public use.

3. SAME—*Widening Public Streets—City Ordinances—Proceedings Regular*. Where the mayor and council of a city of the second class have undertaken proceedings to condemn property for the purpose of widening a street, and have passed an ordinance for that purpose which is afterwards repealed and new ordinances to accomplish the same purpose at once enacted to comply with statutory amendments made after the first ordinance was passed, the condemnation proceedings will be regarded for practical purposes as an entirety.

4. SAME—*Title of City Ordinance Sufficient*. The title of an ordinance to condemn property for public use considered, and held sufficient.

Original proceeding in mandamus. Opinion filed November 10, 1917. Writ denied.

*E. P. Blakemore*, of Wichita, for the plaintiffs.

*G. A. Spencer*, and *A. R. Buzick, jr.*, both of Salina, for the defendants.

The opinion of the court was delivered by

PORTER, J.: This is an original proceeding brought by the plaintiffs, as trustees of the African Methodist Episcopal Church of Salina, to compel the city authorities to grant them

a permit to erect a church building on certain lots in the city of Salina.

It is alleged in the alternative writ that on the 26th of July, 1917, plaintiffs presented to the fire chief of the city, whose duty it is under the city ordinances to issue such permits, an application for a permit to erect a church building, and that without any cause on his part the application was denied.

The defense is that the city of Salina, prior to the presentation by plaintiffs of any written application for a permit, had instituted proceedings to condemn the lot in question to public use for the purpose of widening a street. It appears that lot 38, in Bishop's addition to the city of Salina, is located at the northeast corner of the intersection of Eleventh and Elm streets, and that Elm street west of Eleventh street is about thirty feet north of that portion of Elm street lying east of Eleventh. The city claims that by reason of the jog in Elm street at its intersection with Eleventh street considerable traffic congestion results, and that in order to relieve this condition and for the purpose of widening and extending Elm and Eleventh streets at their junction, the mayor and council passed an ordinance to condemn a triangular piece of land off of the southwest corner of the lot owned by the plaintiffs, and that no written application by plaintiffs for permission to erect their church building was presented until after the condemnation proceedings were commenced.

It is insisted, however, on the part of the plaintiffs that the city has not acted in good faith in attempting to appropriate the property for public use, and that the attempt to do so is an afterthought for the purpose of preventing the erection of plaintiffs' church building at that particular place.

In a supplemental answer, the city alleges that the condemnation proceedings have been fully completed, and that on the 18th day of August, 1917, appraisers duly appointed by the city ascertained and assessed the value and damages caused by the appropriation and condemnation of the property in question, and ascertained the value of that part of plaintiffs' lot taken by the condemnation proceedings at $900, and assessed the damages to the remaining portion of the lot at $200; that thereafter the city, by ordinance, appropriated $1,100, in full payment of the value and damages sustained by the plaintiffs by the appropriation of their property.

DePriest v. City of Salina.

It is therefore urged that, the condemnation proceedings having been completed and the land actually appropriated for public use, it is now too late for plaintiffs to maintain their action, and that the allowance of the writ would serve no useful purpose.

It appears from a supplemental abstract of the defendants that at a meeting of the city council held on February 5, 1917, a petition signed by more than 85 residents and property owners was presented, asking the city to condemn for street purposes part of the lot in question. The petition was referred to a committee, and at the same meeting the report was adopted. It further appears that at a meeting of the council on March 19 a motion was adopted instructing the fire chief not to issue a permit to the plaintiffs for the erection of the church building; that on May 14, 1917, ordinance No. 2,037 was passed providing for the condemnation and appropriation of the property. At a meeting of the council on June 21 an ordinance was passed repealing ordinance No. 2,037, and ordinance No. 2,056 was passed which provided for the condemnation of the same property. At the same meeting an ordinance was passed establishing and creating a benefit district and fixing the boundaries thereof. The purpose in repealing the first ordinance and adopting the new ordinances was to comply with an act of the legislature of 1917 (Laws 1917, ch. 108), making applicable to cities of the second class having a population of more than 10,000, certain provisions of section 1249 of General Statutes of 1915, the amendment having taken effect on the publication of the Session Laws of 1917, which was after the enactment of the first ordinance.

There is no showing in the record of bad faith on the part of the city, and the court must assume that the action of the city council was in good faith.

"It requires no argument and no reference to precedent to show that this court can not sit in judgment upon the motives actuating the municipal authorities in pursuing a course which the legislature expressly authorized them to take." (*Burlingame v. Thompson,* 74 Kan. 393, 394, 86 Pac. 449.)

The plaintiffs could acquire no vested rights to a permit because the original ordinance was repealed and new ordinances enacted. The whole proceedings for the purpose of appropriating the property must be considered as an entirety. The

DePriest v. City of Salina.

city had already determined to appropriate the property for public use before the plaintiffs applied for a permit, and this of itself would be a sufficient defense to the action.   Besides, the condemnation proceedings have been completed, the property has been appropriated, payment of the damages to the plaintiffs has been provided for, and it would be a useless proceeding to issue the writ, even if plaintiffs were shown to have been originally entitled to it, which has not been made to appear.   The remedy lies largely in the discretion of the court, and the principle is well settled that the writ will not issue when it would be fruitless or unavailing.   (*Rice v. County Board of Canvassers,* 50 Kan. 149, 32 Pac. 134; *Rice v. Robson,* 83 Kan. 252, 256, 111 Pac. 186; *School District v. Stanton County,* 99 Kan. 763, 764, 162 Pac. 1165.)

An effort is made to question the validity of the condemnation proceedings on the theory that the title of the ordinance is insufficient.   The specific objection urged against the title is that it conflicts with section 16 of article 2 of the constitution.   The provision of the constitution referred to relates wholly to acts of the legislature, but similar provisions of the statute apply to city ordinances.   (Gen. Stat. 1915, § 1680.) (*City of Winfield v. Hackney,* 87 Kan. 858, 126 Pac. 1088.)

The title of the ordinance reads:

"An ordinance providing for the condemnation and appropriation of certain lots and pieces of ground in the city of Salina, for the purpose of widening and extending Elm street and Eleventh street, in said city and providing for the appointment of appraisers therefor."

We have no hesitation in saying that the title is sufficient and that it does not embrace two subjects.   There is no force in the contention that the ordinance is void because it describes the property differently from that contained in the deed under which the plaintiffs claim.   There can be no question as to the identity of the property sought to be taken and that formerly owned by the plaintiffs.

The writ will be denied.