No. 24,912.

J. T. CLEWELL, *Appellee,* v. SCHOOL DISTRICT No. 2, of the County of Sumner et al., *Appellants.*

### SYLLABUS BY THE COURT.

1. MANDAMUS—*To Compel Admission of Pupils to High School—Issue Becoming Moot—Appeal Dismissed.* An appeal in a mandamus case will be dismissed where the acts sought to be compelled have been performed by the defendant and no actual.controversy remains except an abstract question as to the validity of a statute, the decision of which can have no application to the facts of the case.

2. SAME. The court will not pass upon the constitutionality of a statute in a moot case but will only consider its validity where it is necessarily involved and its determination is imperatively required.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed January 12, 1924. Dismissed.

*W. W. Schwinn, E. J. Taggart,* and *John Bradley,* all of Wellington, for the appellants.

*A. M. Jackson,* of Winfield, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action in mandamus to compel the school board of the Belle Plaine district to admit to its high school plaintiff's two children and twenty-one others similarly situated and give them the benefits and privileges of the high school without charge or consideration. It was alleged that Wellington is the county seat of Sumner county, that it maintains a county high school as provided by law, and that in the county of Sumner there are seven other high schools which maintain a university preparatory high-school course approved by the state board of education and one of which is the Belle Plaine high school and that the children mentioned attended the latter in 1920 free of charge. They further allege that the trustees of the county high school had made a levy for the maintenance of high schools in the county for the year 1921, and that Belle Plaine is one of the schools eligible to participate in the fund so provided. The defendants resisted the plaintiff's claim alleging that the act under which it was made, to wit, chapter 276, of the laws of 1919, was unconstitutional and void, and further that they had not sufficient room in their school build-

Clewell v. School District.

ing or funds to furnish facilities for the training of the children applying for admission. The trial court found upon the evidence that the averments of the plaintiff's petition had been sustained in respect to the status of the schools in Sumner county, that a levy had been made in 1921 for the high schools in the county and that Belle Plaine high school had participated in the fund and that the children mentioned reside in districts adjacent to the Belle Plaine high school and were eligible to attend the school.

It was also found that the defendants had wrongfully refused to admit them without payment of the sum of $100 per pupil. There was a finding that when this action was commenced and the writ of mandamus issued, all of the above mentioned children were admitted to the high school and remained in it until its close in May, 1922, when the school board issued diplomas to such of the pupils as were eligible therefor. It was adjudged that the writ of mandamus was rightfully issued and that its terms have been fully complied with by the defendants.

It was the admission of the children to the high school with its benefits and privileges during the year 1922 that was sought in the action. The year has expired, the children were admitted and have had all the benefits and privileges of the school during that time and nothing is left in the case but an abstract question as to the validity of a challenged statute. The case is therefore moot. We cannot undertake to determine a constitutional question unless it is necessary to a decision of the questions involved and the determination of the constitutionality of a statute is imperatively required. It is well settled that the court will not consider and decide moot questions, questions which if decided would not be applicable to any actual controversy and where the judgment itself would be unavailing. (*School District v. Stanton County*, 99 Kan. 763, 162 Pac. 1165; *Geinger v. Krein*, 103 Kan. 176, 173 Pac. 298.)

The appeal is therefore dismissed.