No. 44,469

WILLIAM PELZL, JIM LUKENS and VIRGIL BAUMGARNER, Board of Education of College Hill School District No. 2, *Appellee,* v. RICHARD McCARTY, County Clerk of Barber County, Kansas; and, JENNIE McKINLEY, County Superintendent of Public Instruction of Barber County, Kansas, *Appellants.*

(415 P. 2d 234)

Opinion filed June 11, 1966.

*Thomas L. McGuire,* of Medicine Lodge, argued the cause and was on the briefs for the appellants.

*John W. MacGregor,* of Medicine Lodge, argued the cause, *Riley W. Mac-Gregor,* of Medicine Lodge, was with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: Defendants appeal from an order of the district court of Barber County granting mandamus and injunction against them in their capacities as County Clerk and County Superintendent.

The controversy with which this appeal is concerned arose as follows: Plaintiff is the Board of Education of College Hill School District No. 2, Barber County. It is admitted that at the time of the trial the College Hill School was designated by the State Superintendent of Public Instruction as a nonaccredited school, by reason of its failure to conform to standards of minimum enrollment and school term. The district, at its annual meeting in June, 1965, adopted a budget for the 1965-1966 school term, and further voted to maintain a 180-day term for the ensuing school year. The budget as adopted, and the proposed tax levy, were certified to the county clerk of Barber County, one of the defendants herein. The county clerk refused to accept the budget and to make the requested levy on the ground that plaintiff was not an accredited school district, within the meaning of the Laws of 1965, Chapter 402 (now K. S. A. 72-7001, *et seq.*). Subsequently, the county superintendent, the other defendant herein, proposed to call a special meeting of the district under authority of K. S. A. 72-401 for the purpose of adopt-

ing a transportation budget in accordance with Laws of 1965, Chapter 410, Section 38 (now K. S. A. 72-67,113).

Thereafter the school board filed this action in the district court to compel the county clerk to accept the budget as certified and to levy taxes in accordance therewith, and also to enjoin the county superintendent from holding the proposed special meeting.

The case was submitted to the district court on the pleadings, stipulated facts and briefs of the parties on September 7, 1965. On September 8, 1965, the trial court made findings of fact and conclusions of law and entered judgment generally in favor of plaintiff. On September 20, 1965, a motion for a new trial was heard and overruled by the district court. The county clerk and county superintendent perfected this appeal.

On oral argument before this court on May 4, 1966, it was conceded by counsel that no taxes were paid under protest by any taxpayers of the district. It was further conceded that appellants have not sought a stay of proceedings pending the outcome of this appeal.

According to the agreed statement of facts the College Hill School District opened school in the fall of 1965. A qualified teacher was hired and the first day of classes held on August 30, 1965, with seven students in attendance. It was further stipulated that College Hill School District will maintain school for 180 days during the 1965-1966 school term.

The appellee, plaintiff below, sought in this action to compel the county clerk to accept the budget, levy the taxes and to enjoin the county superintendent from calling a special school meeting. The orders of the trial court granting relief in both respects were entirely complied with by the county clerk and county superintendent. There was no stay of proceedings nor were any taxes paid under protest. The budget has been accepted and taxes levied. The school year will be completed before the filing of this opinion. There is nothing left in this case but abstract questions as to the validity of the challenged orders of the district court which have been fully complied with. The case is therefore moot.

The rule is well settled that questions will not be resolved on appeal, which if decided would not be applicable to any actual controversy. The rule has been specifically applied to cases where an order of mandamus has been obeyed.

In the case of *Teterick v. Parsons,* 90 Kan. 21, 64 Pac. 1028, it was stated:

"It has been many times held that if during the pendency of an appeal the order of mandamus appealed from is obeyed, or if an order has been applied for and denied and an appeal perfected therefrom, and during its pendency the order if made has become impossible of performance, the appeal will be dismissed. . . ." (pp. 22, 23.)

An appeal in an action in mandamus was dismissed under very similar factual circumstances in *Clewell v. School District,* 115 Kan. 176, 222 Pac. 74, on the ground the acts sought to be compelled had been performed.

It was recently stated in *Board of Education v. Vinson,* 195 Kan. 666, 408 P. 2d 637:

"This court has held many times that it will not consider a moot question and it is equally well established that where, by reason of lapse of time, circumstances have changed so that the court cannot render a judgment which can be made effective the appeal will be dismissed. . . ." (p. 669.)

The record further discloses the College Hill School District is a part of Barber County North Unified District, under the Unification Act of 1963, K. S. A. 72-6734, *et seq.,* and as such will lose its separate entity on June 30, 1966. Thereafter the College Hill School will be governed by the board of the unified district. By reason of the lapse of time and change in circumstances a judgment cannot be made effective as to any issues raised by this appeal.

Therefore, in accord with what has been stated, the appeal is dismissed.