No. 45,862

GEORGE E. SYBRANT, *Appellee,* v. MARJORIE J. WILLIAMS, COUNTY
CLERK OF COWLEY COUNTY, KANSAS, *Appellant.*

(479 P. 2d 814)

Opinion filed
January 23, 1971.

*Ray L. Borth,* Assistant Attorney General, argued the cause, and *Kent Frizzell,* Attorney General, *Richard L. Meyer,* Assistant Attorney General, and *Thomas D. Herlocker,* County Counselor of Cowley County, of Winfield, were with him on the brief for the appellant.

*George E. Sybrant,* of Arkansas City, argued the cause and was on the brief *pro se.*

The opinion of the court was delivered by

KAUL, J.: Defendant appeals from a judgment of the district court directing that all of the records of the County Clerk-County Assessor of Cowley County, relating to the assessment of real and personal property, including "ratio study cards," be made available to the plaintiff for inspection at reasonable times.

Plaintiff labeled his action one for declaratory judgment, although the relief sought was actually in the nature of mandamus.

In his petition, plaintiff alleged that he was a landowner- taxpayer of Cowley County whose property had been reappraised by the assessor, which reappraisement is in dispute; that he had requested of the county clerk's office certain records including those concerning 681 sales of real estate in 1968. He was denied access to the records and thereafter made demand upon the defendant and upon the Board of County Commissioners, acting as a Board of Equalization, for such records, which demand was refused.

Plaintiff further alleged that the date of his petition was the last day which he had to prepare his appeal, and that his rights would be substantially damaged unless the records were made immediately available to him. Plaintiff also alleged that he was entitled to inspect the records in question under the provisions of K. S. A. 79-1412b which provides in substance that—all records of county

assessors, county boards of equalization, and of the state director of property valuation relating to the assessment of tangible property shall be open at all reasonable times to public inspection. That the full and complete records of the 681 sales, referred to, were necessary to adjudicate the controversy arising and that this information should be readily available to any taxpayer who has litigation or a dispute similar to that of plaintiff.

Plaintiff prayed for a declaratory judgment in his behalf against defendant.

In her answer to plaintiff's petition defendant alleged that in her capacity as County Clerk of Cowley County she had custody of certain documents known as "ratio study cards," which contained information obtained from "Certificates of Value" filed in the office of the Register of Deeds of Cowley County pursuant to K. S. A. 1968 Supp. 58-2223a (now 1970 Supp.). Defendant further alleged that the "ratio study cards," which are the subject of this action, are not public records because they contain information which can be disclosed only to those persons named in K. S. A. 1968 Supp. 58-2223b (now 1970 Supp.), which provides in substance that—the contents of the certificates of valuation should be made available only to the county clerk-county assessor, appraisers employed by the county, and to the board of county commissioners, and not disclosed to anyone other than the director of property valuation or to the board of tax appeals in the event of proceedings before that board.

On June 11, 1969, the matter was presented to the district court. After hearing arguments of counsel, the court ruled:

". . . that the plaintiff is entitled to inspect all of the Assessor's records pertaining to 681 real estate sales of 1968, including the purchase price."

The district court did not indicate the basis for its ruling.

Thereafter defendant perfected this appeal but made no effort to stay the judgment of the district court.

After obtaining access to the records in question, plaintiff perfected his appeal to the State Board of Tax Appeals and says that it was successfully concluded. In other words, there is no controversy between the parties to this action at the present time. The order of the trial court granting relief to plaintiff was fully complied with. There was no stay of proceedings nor was any tax paid under protest. There is nothing left in this case but an abstract question as to the validity of the challenged order of the district court, which has been fully complied with. The case is therefore moot.

The rule is well settled that ordinarily questions will not be resolved by this court on appeal, which if decided would not be applicable to any actual controversy. The rule has been specifically applied to cases where a judgment in the form of mandamus has been obeyed. (*Pelzl v. McCarty,* 197 Kan. 80, 415 P. 2d 234.)

The appeal is dismissed.