## Kier *et al. versus* Boyd *et ux.*

1. Land was appropriated by legal proceedings and a lateral railroad constructed on it. *Held*, that the owner of the road could not encroach on the adjoining land on the pretext that it was necessary to widen the road-bed.

2. If the ground appropriated by law is not sufficient for the necessities of the road; additional ground must be acquired by proceedings according to law.

November 18th 1868. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the Court of Common Pleas of *Allegheny county :* In Equity : No. 173, to October and November Term 1868.

The proceedings in the court below were commenced, September 14th 1868, by the bill of James Boyd and Mary M. his wife, in her right against Samuel M. Kier and others, trading as Kier, Foster & Kier.

The bill averred that Mary Boyd was the owner of land over which in 1860, under proceedings in the District Court of Allegheny county, Felix C. Negley obtained the right by virtue of the Act of May 5th 1832, and constructed a railroad to his coalmines; that in 1864 the defendants became the owners of Negley's mines and lateral railroad; that within a short time of filing the bill the defendants commenced to make alterations in their lateral railroad, on the complainants' land, for the purpose of putting in a siding, and have widened the top of the embankment to the full width of 20 feet, so that the bottom of the embankment for about 500 feet in the land of the complainants is widened to an average of about 30 feet, and that the defendants

10 P. F. SMITH—3

[Kier *v.* Boyd.]

threaten and intend so to use and occupy the land permanently; that the defendants have taken no legal steps for an additional appropriation of land, but claim the right to occupy land of the complainant beyond the statutory width of 20 feet by virtue of the original proceedings. The prayer was, that the defendants be restrained from extending their embankment beyond 20 feet, and be ordered to reduce the embankment already made to 20 feet.

The respondents filed a general demurrer.

The court overruled the demurrer, and decreed "that the defendants be perpetually restrained and enjoined from occupying or using at the place on the land of said Mary M. Boyd, mentioned in said bill of complaint, a greater width of said land than 20 feet, and the defendants are ordered and directed to reduce the width of their embankment at the place aforesaid to 20 feet; and that they pay the costs."

The defendants appealed from this decree, which they assigned for error.

*Moreland, Moore & Kerr*, for appellants, cited Acts of May 5th 1832, § 5, Pamph. L. 503, Purd. 847, pl. 54; April 18th 1865, Pamph. L. 64, Purd. 1411, pl. 25.

*M. W. Acheson*, for appellees, cited Acts of May 1832, *supra*, § 3, Purd. 846, pl. 51; February 19th 1849, § 9, Pamph. L. 79, Purd. 838, pl. 12; Lance's Appeal, 5 P. F. Smith 26; Dwarris on Stat. 750; Mayor *v.* Chorley Waterworks, 21 Eng. L. & Eq. 620; Lee *v.* Milner, 1 Eng. Railway Cases 101; Commonwealth *v.* P. & Conn. Railroad, 12 Harris 159; Dewart *v.* Purdy, 5 Casey 113.

The opinion was delivered January 4th 1869.

PER CURIAM.—The decree below was undoubtedly correct. The appellants had no right to encroach on the property of the appellees under the pretext of a necessity for widening their road-bed: Lance's Appeal, 5 P. F. Smith 16. If they cannot lay down a double track on ground appropriated by the law for one, they must be content with one, or proceed according to law to acquire ground for a second. Their necessities will not justify them in trespassing.

Decree affirmed at the cost of the appellants.