## Clifton Heights Borough, Appellant, *v.* Thomas Kent Manufacturing Company.

| 212 | 117 |
|-----|-----|
| 220 | 588 |

*Railroads—Lateral railroads—Act of May 5, 1832, P. L. 501—Equity—. Injunction—Preliminary injunction.*

A preliminary injunction should be granted on a bill filed by a borough against a manufacturing company where it is shown by the bill and the injunction affidavits that the defendant was attempting to construct a lateral railroad at grade across a street of the borough without its consent.

Argued March 27, 1905. Appeal, No. 35, Jan. T., 1905, by plaintiff, from decree of C. P. Del. Co., Dec. T., 1900, No. 190, refusing preliminary injunction in case of Clifton Heights Borough v. Thomas Kent Manufacturing Company. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Bill in equity for an injunction. Before JOHNSON, P. J.

From the record it appeared that the original bill was filed to restrain the construction of a siding. The supplemental bill was filed to restrain the construction of a lateral railroad. The supplemental bill was as follows:

1. That the defendant, the Thomas Kent Manufacturing Company, having availed itself of the benefits of the Lateral Railroad Act of May 5, 1832, and its supplements, claims the right, as operator of said lateral railroad, to construct its lateral railroad across Baltimore avenue in the borough of Clifton Heights at grade and is about to construct its said lateral railroad.

2. Your orator denies the right of the Thomas Kent Manufacturing Company to construct a lateral railroad across the said Baltimore avenue in the borough of Clifton Heights at grade.

Your orator therefore prays as follows:

1. That an injunction may issue preliminary until hearing and perpetual thereafter enjoining and prohibiting the said The Thomas Kent Manufacturing Company from constructing its lateral railroad across the said Baltimore avenue within the borough of Clifton Heights at grade.

The averments of the supplemental bill were supported by injunction affidavits.

The court refused the preliminary injunction.

*Error assigned* was the decree of the court.

*William I. Schaffer*, with him *Frank B. Rhodes*, for appellant. —Since the passage of the Act of June 7, 1901, P. L. 531, every grade crossing, whether of one railroad by another or of a highway by a railroad, comes before the court with a heavy burden of proof upon it: Mifflinville Bridge, 206 Pa. 420; Penna. R. R. Co. v. Bogert, 209 Pa. 589; B. & O. R. R. Co. v. Butler Pass Ry. Co., 207 Pa. 406; Perry Co. R. R. Extension Co. v. Newport, etc., R. R. Co., 150 Pa. 193; Pittsburg & Lake Erie R. R. Co. v. Lawrence County, 198 Pa. 1.

The defendant must have municipal consent before it can lay its tracks across the highway: B. & O. R. R. Co. v. Butler Pass. Ry. Co., 207 Pa. 406; Pittsburg v. Pittsburg Ry. Co., 209 Pa. 13.

*E. H. Hall*, with him *W. B. Broomall*, for appellee.—It is respectfully submitted that the court was right in refusing the injunction on the amended bill. There was no authority in the court to grant the injunction: Phila., etc., Railroad Co. v. Upper Darby Twp., 202 Pa. 429.

Per Curiam, 15, 1905:

We are of opinion that a preliminary injunction under the prayer of the supplemental bill should have been granted. The decree refusing it is reversed at the cost of the appellee, and the record is remitted with direction that an injunction be issued.