**CITY of PONCA CITY v. DRUMMOND et ux.**

No. 14397—Opinion Filed Dec. 11, 1923.

1. **Eminent Domain — Constitutional Provisions—Private Property for Public Use.**

Under the Constitution of Oklahoma, sections 23 and 24, article 2, private property cannot be taken or damaged for private use without compensation, unless by consent of the owner, except for private ways of necessity, or for drains and ditches across lands of others for agricultural, mining, or sani-

tary purposes, and private property shall not be taken or damaged for public use without just compensation. Where a private corporation, engaged in the business of oil refining, appropriates land of another by condemnation proceedings for sewer purposes, such right of way or easement so taken, is limited to the purposes of such company. An attempt by such company to authorize a municipal corporation to utilize said sewer for public purposes without the consent of the owner of the land is nugatory.

2. **Same—Additional Servitude—Right to Compensation.**

Where a private corporation has acquired by condemnation proceedings a right of way across the lands of another for a sewer for the purposes of such private corporation, and thereafter a municipal corporation, with the permission of such private corporation, but without the consent of the landowner, incorporates such sewer in its municipal sewer system, such act amounts to an appropriation of private property under section 1404, Revised Laws of Oklahoma, 1910, and the landowner is entitled to compensation or damages.

3. **Same—Action by Landowner for Damages—Amount—Instructions.**

Record examined, and held, that under the facts disclosed verdict in the sum of $1,200 is not excessive Held, further, that instructions of the court properly state the law.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by Lillie Drummond and Lafayette Drummond against the City of Ponca City. Judgment for plaintiff. Defendant appeals. Affirmed.

James Q. Louthan, for plaintiff in error.

J. G. King, for defendants in error.

Opinion by LYONS, C. The parties will be referred to as in the count below. The plaintiffs sued the defendant to recover damages or compensation for the taking and appropriation by the defendant (a municipal corporation) of certain real estate for sewer purposes. There is practically no dispute as to the facts.

It appears that an oil refining company, a private corporation, condemned a right of way across plaintiffs' lands for the purpose of laying a sewer or drain across said property. The commissioners appointed under the applicable statute in the condemnation proceedings found "that the injury which the owners of the property sustained by reason of the taking of said property by said Mar-

land Refining Company" should be compensated by a payment of $1,000. This payment was made and the ownership by the Marland Refining Company of a right of way or easement for sewer purposes is not questioned.

After the oil refining company had completed its sewer and while it was utilizing the same, said company granted permission to the defendant, a municipal corporation, to connect its general sewer system with the oil refining company's sewer laid across plaintiffs' lands. The defendant made this connection, thereby, in effect, incorporating the oil company's sewer in the general municipal system, and has used such sewer for a period of time as a part of the municipal corporation's system. The oil company has continued to utilize the sewer for its purpose.

The defendant municipal corporation, at the time this action was prosecuted, had a population in excess of 10,000 persons, and was a growing, thriving community. The plaintiffs never consented to the appropriation of their land by the municipal corporation or to the use for the city of the oil refining company's sewer laid therein. They protested against such use and thereafter made a claim for compensation, presumably in accordance with the city ordinances, which claim was denied by the city. Thereafter the plaintiffs brought this suit in which the jury returned a verdict for plaintiffs in the sum of $1,200. From a judgment rendered on this verdict this appeal is brought.

It is the contention of counsel for the city that the permission of the oil refining company to use the sewer was all that was essential. It is argued that the use by the city is uninjurious to the landowner and that no damage has accrued. It is necessary in determining this question to give consideration to constitutional provisions as follows:

"No private property shall be taken or damaged for private use with or without compensation, unless by consent of the owner, except for private ways of necessity, or for drains and ditches across lands of others for agricultural, mining, or sanitary purposes, in such manner as may be prescribed by law." Section 23, art. 2, Const. Okla.

"Private property shall not be taken or damaged for public use without just compensation. * * * When possession is taken of property condemned for any public use, the owner shall be entitled to the immediate receipt of the compensation awarded, without prejudice to the right of either party to prosecute further proceedings for the ju-

dicial determination of the sufficiency or insufficiency of such compensation. The fee of land taken by common carriers for right of way, without the consent of the owner, shall remain in such owner subject only to the use for which it is taken. In all cases of condemnation of private property for public or private use, the determination of the chharacter of the use shall be a judicial question." Section 24, art. 2, Const. Okla.

It has been held that the right of an individual to the use and enjoyment of his lands can in no case be made to give way to public uses and convenience, except in obedience to the constitutional provision forbidding the taking of private property for such uses before payment of just compensation. Lovett v. W. Va. Central Gas Co., 65 W. Va. 739, 65 S. E. 196, 24 L. R. A. (N. S.) 230.

The applicable rule is further laid down by 10 R. C. L. 90, sec. 79:

"It often happens that after land has been taken for a particular public use, and devoted to that use in the customary manner for a number of years, an increase in the public requirements makes an altered or increased use of the land desirable. In such a case, if the new use is of the same character as the use for which the land was taken, and merely amounts to the advancement of the original purpose, as when the wrought portion of a highway is widened so as to include the whole of the original location, or a second track is laid upon a railroad right of way, there is only the exercise of the easement which had been taken in the first place, and the owner of the fee has no ground for complaint, even if he is deprived of privileges in the land taken which he had previously enjoyed or his remaining land suffers damages from the increased use by the public from which it had previously been exempt. All these damages were paid for when the original taking was made, and the owner's good fortune in not suffering injury for several years for which he had been fully paid cannot be the basis of a property right protected by the Constitution, or entitle him to be paid both when the right to inflict the damage is acquired by the public and when the damage is actually inflicted. When, however, the new use is of a different character than that for which the land was taken, it is not an exercise of the existing easement, but amounts to the imposition of a new and additional easement or servitude upon the land. In such a case, if the justification furnished by the existing easement fails, the situation is the same as if a separate enclosure not subject to any public easement had been entered upon; and as an entry and occupation of private land without formal condemnation it amounts to a 'taking' in the constitutional sense without regard to the extent of the injury, and can only be made when the use is public and just compensation is awarded the owner. It will thus be seen that questions of additional servitude do not involve any controverted points in constitutional law, but depend upon a definition of the exact limits of the original public easement in each case; and the extent of the easement taken for highways, railroads and other public works depends so much upon the statutes and customs of the several states that it may well differ in different jurisdictions. It should be further noted that decisions under statutes and constitutions requiring compensation for damage to property, when the damage claimed happens to arise out of a new or increased use of an existing easement, as for example a change in the grade of a highway, have nothing to do with the question of additional servitude and should be carefully distinguished from decisions properly arising under that head."

In section 60, Eminent Domain, 10 Ruling Case Law, 68, is the following further statement:

"But the books disclose many cases in which it is attempted to use land subject to one public easement for a purpose not included in that easement. If such a new use is not justified by the existing easement, it constitutes an occupation of the private property of the owner of the fee, and it is a taking regardless of the extent of the injury. The fact that the erection is not intended to be permanent does not make it any the less a taking."

It is plain from the foregoing that the municipal corporation appropriated plaintiffs' lands for sewer purposes without making compensation to the owner of the land. The oil refining company by its condemnation proceedings acquired only a right to appropriate and use a tract of plaintiffs' lands for a sewer for the purposes of said oil refining company.

It does not require argument to demonstrate that such purposes are essentially and inherently different from those of a municipal corporation having a population in excess of 10,000 persons.

The attempted authorization by the oil refining company of the use of this sewer by the city was nugatory. It is earnestly contended by the counsel for the city that at most a mere temporary use was sought which might be abandoned at any time, and that therefore the cause is within the rule announced in City of Ardmore v. Orr, 35 Okla. 305, 129 Pac. 867, where it is said that permanent injury and damages therefor do not accrue where the cause of the damage may be removed by an expenditure of money. This question does not arise here, because under the evidence the jury was justified in believing that the city had in-

corporated this sewer in its permanent sewer system. There is no indication in this record of any intention to abandon the use of this sewer on the part of the city.

The general rule is that where private property is appropriated for public use, such appropriation is deemed to be a taking, and the owner may recover for such taking. In this case the municipality has taken and occupied, for purposes for which it might have resorted to condemnation proceedings, the land of the plaintiff without having condemned the same, and damages are recoverable under the rule announced in St. Louis & S. F. R. Co. v. Mann, 79 Okla. 170, 192 Pac. 231.

It is further said that no damages have accrued by reason of the additional use. The testimony is to the contrary, and discloses overflows at the sewer manholes caused by the city's use of the sewer, which interfere with the use and enjoyment of the land.

In any event the use by the city is in the nature of an additional servitude. The existing servitude held by the oil refining company was an easement for the use and benefit of the oil refining company, and its proper successors or assigns, for its peculiar purpose. The use by the city of this sewer for municipal purposes constituted an appropriation of private property for public use for which compensation must be paid. Sections 22 and 23, article 2, Constitution of Oklahoma; section 1404, Revised Laws of Oklahoma 1910.

It is argued by counsel for the city that the recovery in this case should be viewed as damages for a continuing nuisance committed by the city which nuisance may be abated. It is said therefore that damages for permanent injury have been improperly awarded. It is sufficient to say that the city was authorized by law to appropriate plaintiffs' land for sanitary purposes, and since we have already held that the utilization of the sewer for municipal purposes constitutes an appropriation of plaintiffs' lands, it is plain that this is not a case of nuisance. See Cunningham v. Ponca City, 27 Okla. 858, 113 Pac. 919.

In a case of this character the owner of the land recovers compensation for the taking or appropriation of his property. Section 1404, Revised Laws Oklahoma 1910, provides:

"The provisions of this article with reference to eminent domain shall apply to all corporations having the right of eminent domain, and all such corporations shall have the right, under the provisions of this article, to acquire right of way over, along or across the property or right of way of any other such corporation. not inconsistent with the purposes for which such property was taken or acquired. In all cases of condemnation of property for either private or public use, the determination of the character of the use shall be a judicial question; and the procedure that be as provided herein. Provided: that in case any corporation or municipality authorized to exercise the right of eminent domain shall have taken and occupied, for purposes for which it might have resorted to condemnation proceedings, as provided in this article, any land, without having purchased or condemned the same, the damage thereby inflicted upon the owner of such land shall be determined in the manner provided in this article for condemnation proceedings." Railway Company v. Mann, supra.

There is no error in the record. The instructions of the court are proper, and it is extremely doubtful if any proper exception has been saved. In any event, there is no reversible error in the instructions.

The verdict is sustained by the evidence, and the judgment of the trial court must be affirmed.

By the Court: It is so ordered.