## Robinson, Appellant, v. Kent Manufacturing Co.

*Railroads—Lateral railroads—Eminent domain—Extent of condemnation—Ordinary incident—Underground way—Acquiescence of owner—Increase in facilities—Estoppel.*

1. A lateral railroad company will not ordinarily secure, by condemning land for its own use, the right to make excavations for the purpose of constructing underground hoppers and conveyors on land which has been taken adversely, for such operation does not follow as an ordinary incident.

2. If, however, such work is done with the full consent and acquiescence of the owner, and largely for his benefit, an easement is created, and an estoppel to complain of the construction will arise; and the land, though passing into the ownership of others, will be bound thereby.

3. In such case the consentable excavation and building of hoppers and conveyors, cannot be extended to new and greater facilities without permission of the owner although such work may be confined within the line of the right-of-way originally acquired.

Argued January 20, 1925. Appeal, No. 122, Jan. T., 1924, by plaintiff, from decree of C. P. Delaware Co., Sept. T., 1918, No. 40, dismissing bill in equity, in case of V. Gilpin Robinson v. Kent Manufacturing

Co.  Before MOSCHZISKER, C. J., FRAZER, WALLING,
SIMPSON, KEPHART and SADLER, JJ.  Reversed.

Bill for injunction.  Before BROOMALL, J.
The opinion of the Supreme Court states the facts.
Bill dismissed.  Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Owen J. Roberts,* with him *E. Edgar Barnes, John
C. Kaufman* and *Frank B. Rhodes,* for appellant.—If
the strip of land was subject to any servitude in favor
of defendant, the burden thereof could not be increased
without the consent of the present owner.  The burden
was increased and the use extended by the belt con-
veyor constructed by defendant in 1918 to increase the
carrying capacity of coal to its mills: Dark v. John-
ston, 55 Pa. 164; Com. v. Zimmerman, 56 Pa. Superior
Ct. 311; McFerren v. Deardorff, 69 Pa. Superior Ct.
154.

The servitude cannot be increased: Com. v. Zimmer-
man, 56 Pa. Superior Ct. 311; Smith v. Margerum, 21
Pa. C. C. R. 209.

Defendant had no right to use and maintain the belt
conveyor placed in the lands of Mary A. Kent in 1910
to convey coal to its mills.  Under the Lateral Railroad
Act of 1832 there cannot be a railroad for a portion of
the condemned route and a belt conveyor construction
for the remainder of the route: Woods v. Gas Co., 204
Pa. 606; Lance's App., 55 Pa. 16.

The privilege or permissive use which Mary A. Kent
gave to defendant to construct and operate a belt con-
veyor under her lands did not bind her and her suc-
cessor in title to the creation of an irrevocable license,
assignable at will by the licensee: Dark v. Johnston,
55 Pa. 164; McFerren v. Deardorff, 69 Pa. Superior
Ct. 154; Com. v. Zimmerman, 56 Pa. Superior Ct. 311.

*J. Borton Weeks* and *E. Wallace Chadwick,* with them *Arthur L. Reeser,* for appellee.—Complainant is estopped by the conduct of his predecessor in title and of himself from raising any question as to the validity of the lateral railroad proceedings and of the character of construction and use of the lateral railroad, original hopper, and conveyor, by defendant and its predecessor: Harris v. Brown, 202 Pa. 16; Moore v. Neubert, 21 Pa. Superior Ct. 144; Park Steel Co. v. Ry., 213 Pa. 322; McKillip v. McIlhenny, 2 Watts 466; Campbell v. McCoy, 31 Pa. 263; Cumberland Valley R. R. v. McLanahan, 59 Pa. 23; Meig's App., 62 Pa. 28; Funk v. Haldeman, 53 Pa. 229; Thompson v. McElarney, 82 Pa. 174, 177; Heyl v. R. R., 51 Pa. 469.

The gross laches of complainant preclude him from seeking equitable relief: Ashurst's App., 60 Pa. 290; St. Andrew's Church's App., 67 Pa. 512; Neely's App., 85 Pa. 387; Lusk's App., 108 Pa. 152; P. R. R.'s App., 125 Pa. 189; Pepper v. Robinson, 13 Pa. C. C. 198.

The courts have consistently recognized the principle that the requirement of an easement of right-of-way to be used for certain transportation facilities, is not restricted for all time to come to the user common at the time of the acquirement of the right so as to deny the use of such improved process as science might discover or mechanical ingenuity might invent: Strycker v. Richardson, 77 Pa. Superior Ct. 252; Richardson v. Clements, 89 Pa. 503.

OPINION BY MR. JUSTICE SADLER, March 16, 1925:

The Thomas Kent Manufacturing Company was the owner of large woolen mills in Delaware County, its stock being controlled almost entirely by Mary A. Kent and other members of her family. It had no direct railroad connections, making difficult the delivery of necessary materials, particularly coal for power purposes, and, to overcome this inconvenience, it proposed to lay out a lateral railroad joining with a main sys-

tem. With this in view, proceedings were regularly instituted, and damages were assessed, and paid, for a right-of-way to be used for this purpose. To reach the desired terminus, it was necessary to cross a public highway, in the Borough of Clifton Heights, which adjoined the land of Miss Kent, who, in 1908, married the complainant here, and he, upon her death several years later, became owner by devise. Litigation resulted in the enjoining of any grade crossing (Clifton Heights Borough v. Kent Mfg. Co., 212 Pa. 117; Clifton Heights Borough v. Kent Mfg. Co., 220 Pa. 585), and a plan was therefore adopted of making a connecting link under ground, so that coal could be placed in hoppers on the portion of the right-of-way acquired on the south of the road, and moved by mechanical devices to the mill located on the north. The work was begun and completed without objection from the landowner, $1,500 having been paid to her in the condemnation proceedings. Indeed, her interests required that the construction be completed in the only way which seemed feasible. From that time until 1918, the operations continued in the same way, with the full knowledge and consent of the complainant, and of his wife until the time of her decease. As built, two cars could be accommodated at one time, the coal being unloaded into hoppers built in the excavation made, and then carried to the factory by the conveyors installed.

Later, the Kent Manufacturing Company became financially involved, and was reorganized, its property rights passing into the hands of the present defendant. By reason of the increased length of coal cars, it determined, in 1918, to increase the facilities on its right-of-way on the Kent land, so that two cars of modern type could be handled at the same time. This made necessary a continuance of the trench to the south for twenty or more feet, and a reconstruction of the protecting walls, and of the hoppers in which the materials were moved. All of this was done within the

line of the land originally condemned.  On learning of
the new work, Robinson, present owner of the fee,
and complainant here, protested, and subsequently filed
this bill to restrain further use of the underground
passage.  He insisted that both the original and new
construction was unauthorized under the lateral railway
acts, and should be removed, and asked that the
defendant be enjoined from further use of the conveyor
built in 1908, and extended in 1918.  After hearing, the
bill was dismissed, and it is from this decree the present
appeal is taken.

It was claimed by the defendant that, the land having
been condemned for lateral railroad purposes, the damages
assessed paid, and the original work done, with
full approval of the landowner, obviously for her benefit,
as she was then largely interested in the continued
and economical operation of the mill property, an
easement was created, which she, and her alienees and
devisees, are estopped from repudiating.  An owner of
land who subjects it to an open, visible, permanent and
continuous service in favor of another, binds the property,
though the ownership is subsequently acquired by
another: Nauman v. Treen Box Co., 280 Pa. 97.  When
Miss Kent was awarded damages for the use of the
right-of-way for a lateral railroad, it was her right to
insist that her land be used only for such purposes as
came strictly within the privileges granted to such
corporations, or were incident to the rights given by
the acts of assembly creating them.  If further occupation
of the land condemned was attempted, it could have
been enjoined, unless a new proceeding was instituted, or
assent of the owner secured: Woods v. Greensboro Nat.
Gas Co., 204 Pa. 606; Johnston v. R. R., 245 Pa. 338.
The condemnor is limited to the use which he has
claimed, and which was the basis for assessing damages:
Kier v. Boyd, 60 Pa. 33.  No estate in fee simple
is acquired by the appropriation (Lazarus v. Morris,
212 Pa. 128; Jessup v. Loucks, 55 Pa. 350), and, unless

the work proposed is clearly within the scope of that permitted by the statute granting the exercise of the right of eminent domain, or fairly is implied as an incident of the condemnation (Lance's App., 55 Pa. 16; see also, Strycker v. Richardson, 77 Pa. Superior Ct. 252), no further privilege can be enforced against the will of the owner. If, however, the attempt is only to use the way paid for to extend the works already constructed within the charter powers of the company, a different conclusion is reached: Nalley v. P. R. R. Co., 177 Pa. 117.

The lateral railroad company would not ordinarily secure, by condemning land for its needs, the right to make excavations for the purpose of constructing underground hoppers and conveyors on land which has been taken adversely, for such an operation does not follow as an ordinary incident. If, however, such work is done, as it was here, with full consent and acquiescence of the owner, and largely for his or her benefit, an easement is created, and an estoppel to complain of the construction will arise. The land, though passing into the ownership of others, will be bound thereby. We cannot agree, however, that the consentable excavation and building of hoppers and conveyors can be extended without permission, though within the line of the right-of-way. What was agreed upon, and on the faith of which the expenditures were made, will be upheld, but such work is not the ordinary incident of the building of a lateral railroad, and the attempt to add the convenience in 1918, not having the approval of the then landowner, cannot be allowed. The original condemnation was not for the purpose of underground passageways, and, though what was done permissibly estops him from complaint, an increase in the facility was not agreed to then, and has not been approved since. We are therefore of opinion that the decree of the court below should be modified, and that an injunction should issue to compel the removal of the new hopper and conveyor for the distance to which it was

extended in 1918, the portion earlier constructed to remain as theretofore.

The decree is reversed, the bill reinstated, and it is directed that the order entered be modified so that the new portion of the hopper and conveyor be removed, and the land occupied by it be restored to its former condition; the costs of this appeal to be paid by appellee.