No. 28,069.

The Board of County Commissioners of the County of Kingman, *Appellee,* v. A. H. Hufford, *Appellant,* and The Pioneer Mortgage Company, *Defendant.*

(266 Pac. 932.)

Opinion filed May 5, 1928.

*C. C. Calkin,* of Kingman, *T. M. Lillard, Bruce Hurd* and *O. B. Eidson,* all of Topeka, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

Dawson, J.: This is an appeal from a judgment entered in favor of the board of county commissioners of Kingman county against A. H. Hufford for $101 as the rental value of a twelve-acre tract of farming land which had been subjected to condemnation proceedings under R. S. 68-137 for a gravel pit. Following such condemnation, during the years 1924 and 1925 the county did not use the property for public purposes, and the defendant continued to farm the land as he had theretofore done under a lease from the owner of the property.

The county board's cause of action against the defendant (and his landlord) was predicated on the theory that by the condemnation proceedings the county had become the owner of the property, and

that in consequence it had a valid claim to its fair rental value. This theory was altogether erroneous. Our condemnation statutes do not authorize the taking of the fee. The title to the twelve acres did not pass by the condemnation proceedings under R. S. 68-137, nor was a transfer of ownership effected thereby. The owner and his tenant, A. H. Hufford, may still use the property according to their good will and pleasure so far as that may be consistent with the dominant public uses for which it was condemned. This is elementary law. In *Harvey v. Railroad Co.*, 111 Kan. 371, 207 Pac. 761, it was said:

"One whose property is subjected to condemnation for railway or other public uses is none the less the owner of the fee and holder of the ultimate title. He has what the law calls the servient estate. The party for whose use the condemnation was made has what is called the dominant estate. And while the fee holder, after condemnation and compensation, may not interfere with the rights of the holder of the dominant estate, yet as owner he may still continue to use the property for any purpose which does not frustrate the public aims and ends for which the property was condemned." (p. 372. See, also, 20 C. J. 1221 *et seq.*; 10 R. C. L. 88 *et seq.*)

Reversed with instructions to enter judgment for defendant.