788

**SWOPE et al. v. KANSAS CITY, KAN.,**
et al.

No. 2562.

Circuit Court of Appeals, Tenth Circuit.

Dec. 31, 1942.

Melvin E. Buck, of Kansas City, Kan., and Frank Schibsby, of Kansas City, Mo. (Geo. B. Reinhardt, of Kansas City, Mo., on the brief), for appellants.

Alton H. Skinner, of Kansas City, Kan. (Joseph A. Lynch and Harry G. Miller, Jr., both of Kansas City, Kan., on the brief), for appellees City of Kansas City, Kansas, and Minnesota Avenue, Inc., and Roy Wheat, Frank Brown and Frank M. Holcomb.

T. M. Lillard, of Topeka, Kan. (O. B. Eidson and P. H. Lewis, both of Topeka, Kan., on the brief), for appellee Union Pacific Railroad Company.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

The City of Wyandotte, now Kansas City, Kansas, was founded in 1859. Among the tracts of land dedicated to public uses was one designated upon the plat as "The Levee." It was described as "Extending from the northern boundary of Ferry Tract to the northern boundary of the town, and from the front lots to the Rivers." This tract has grown by accretion to several times its original size and now comprises approximately 105 acres.

Within a few years after the original dedication, river transportation ceased entirely and was not resumed until within the past ten years. In 1933, the Kansas Legislature enacted certain laws relating to public levees. 13-1238 to 13-1245, General Statutes of Kansas, 1935. In the main, they authorized cities of the class of Kansas City to issue public improvement bonds to pay the cost of improving and making public levees convenient and accessible for use in connection with water transportation and to erect and construct improvements on levee property and lease them as in the judgment of the governing body would be to the best interests of the city. In 1937, the Legislature amended the Act, enlarging the provisions relative to the class of improvements that might be constructed. Section 1, Chap. 135, Session Laws 1937. The Act provided that all improvements should be of such character as in the judgment of the city would be necessary and convenient for the accommodation of shipping by highway, pipe line, rail and water, in connection with commerce or water transportation on the navigable rivers adjoining levees.

Pursuant to the provisions of these Acts, Kansas City issued improvement bonds. With the proceeds thereof and federal grants, it made the following improvements on the levee property: It constructed a wharf; it erected a large river-rail grain elevator terminal building, connected with the wharf by overhead grain carriers; it erected a cold storage and ice manufacturing plant; it erected a food terminal or wholesale market for the handling of agri-

cultural products. All of these facilities were connected with the wharf by railroad tracks and paved roadways. The Union Pacific Railway Company has leased from the city the tracks constructed by the city and has itself constructed other tracks on the property. The city has leased some of the improvements to Minnesota Avenue, Inc., a managing agency of the city.

Plaintiffs instituted this action in the United States District Court for the District of Kansas alleging that the acts of the city in making these improvements constituted an abandonment of the tract for the purposes to which it had been dedicated and that as a result the property reverted, and that they, as heirs and descendants of the original dedicators are seized of such reversionary title. They have appealed from an adverse ruling.

The trial court found that all the structures erected on the tract were erected and raised for the purposes authorized by the applicable Kansas statutes, and constitute, individually and as a whole, facilities for use in interstate commerce by highway, rail and water transportation.

The question presented by this appeal is whether the construction of these improvements and the uses to which they are being put constitute an abandonment of the purposes to which the property was dedicated, with a resultant reverter.

This same contention has twice been advanced in the state courts under somewhat similar circumstances, and in each instance has been resolved against the plaintiffs. See McAlpine v. Chicago Great Western Ry. Co., 68 Kan. 207, 75 P. 73, 64 L.R.A. 85, 1 Ann.Cas. 452; Kansas City v. Board of Commissioners of Wyandotte County, 117 Kan. 141, 230 P. 79.

Kansas has held that the levee is much more than a landing place for boats and commerce. In the McAlpine case, the Supreme Court of Kansas said: "Are we confined to the rather narrow definition which the plaintiffs would have us give to this word, and hold that it simply meant a landing place for boats and commerce carried on by river? Necessarily must be added to this the right to pass over, across, and along this tract for the hauling of such goods and passengers as should be there delivered by reason of such commerce." [68 Kan. 207, 75 P. 74, 64 L. R.A. 85, 1 Ann.Cas. 452.]

In Kansas City v. Board of Commissioners of Wyandotte County, supra, the Supreme Court considered the effect of a lease of this tract to Woods Brothers Corporation. The lease contemplated the dyking of the property, laying out of streets, construction of sewers and paving, and erection of industrial plants and warehouses. The court held that these uses were consistent with and tended to induce and promote the use of the property as a levee.

In a case involving the use of property dedicated as a public levee, the Missouri Supreme Court held that it might be used for any lawful purpose consistent with and tending to promote the use as platted, such as constructing railroads and boathouses, grading and paving streets and roads. State ex rel. Roland v. Dreyer, 229 Mo. 201, 129 S.W. 904. In Portland & W. V. R. Co. v. City of Portland, 14 Or. 188, 12 P. 265, 58 Am.Rep. 299, the Oregon Supreme Court held that granting a railroad the right to place tracks and a depot with wharves and warehouses for the receipt and storage of grain on property dedicated as a levee was not destructive of its own use, but added to its efficiency as a levee.

Appellants concede that not all of the property has been abandoned, that a portion is being used strictly as a levee. No contention is made that additional portions of the property are needed for strictly levee purposes. Their contention is that no portion of the property can be used for any purpose other than strictly as a levee or landing place even in the face of a showing that no additional part is needed at present as a landing place for river traffic or as a place where boats may tie up. Such a narrow construction of the purposes of the dedication has specifically been rejected by the Supreme Court of Kansas and does not commend itself to our view. We feel that the constructions in question are consistent with and promotive of the purposes for which the dedication was made. Certainly a large storage warehouse with conveyors extending to the wharves tends to promote and facilitate river commerce. Under the theory of appellants that portion of the tract not presently needed for strictly levee purposes would of necessity remain unoccupied and unused, to grow up in weeds and become a dumping place for rubbish and trash.

Neither nonuse nor misuse will bring about a reverter of property dedicated to a public use. It is only when the execution of the use becomes impossible that it will revert. See McAlpine v. Chicago Great Western Ry. Co., supra.

These improvements are of such a nature as will promote river traffic and thereby enhance the value of the property for the uses to which it was dedicated. In view of the fact that the additional land is not presently needed for wharves or landing places, and considering the uses to which it is put, it is our conclusion that the acts of the city are well within its discretionary powers as trustee of this trust property.

Affirmed.