**UNITED STATES v. BURMEISTER et al.**

**No. 3705.**

United States Court of Appeals
Tenth Circuit.

Feb. 2, 1949.

Elizabeth Dudley, Atty., Dept. of Justice, of Washington, D. C. (A. Devitt Vanech, Asst. Atty. Gen., Paul Aylward, Sp. Atty., Dept. of Justice, of Ellsworth, Kan., and John F. Cotter, Atty., Dept. of Justice, of Washington, D. C., on the brief), for the United States.

Willard N. Van Slyck, Jr., and Robert E. Russell, both of Topeka, Kan. (R. C. Russell, of Great Bend, Kan., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from a supplemental award in a condemnation proceeding.

On May 4, 1943, the United States filed a petition in condemnation to acquire, for a term ending June 30, 1944, with the right to extend the term for additional yearly periods "during the existing national emergency," 218,880 acres of land in Kansas, for use as a aerial gunnery range and for such other purposes as might be authorized by Congress or Executive Order.

On May 4, 1943, the court entered an order that the United States, from and after

June 1, 1943, was entitled to occupy and use the land for the purposes and for the term stated in the petition.

The court appointed appraisers and on July 9, 1943, gave them written instructions in which it stated that in determining just compensation for the temporary use and occupancy of such land, they should determine the fair value of the temporary occupancy, "with proper regard being paid to the nature of the occupancy."

On December 4, 1943, the Secretary of War filed a declaration of taking. Such declaration described the lands to be taken, including a tract of land, designated as tract No. 972, belonging to Ferdinand F. Burmeister. It stated the estimated compensation for that tract for the term ending June 30, 1944, was $321.

On December 4, 1943, a judgment was entered on the declaration of taking, which described the lands, including tract No. 972, and adjudged that there was vested in the United States "a term for years ending June 30, 1944," in such lands, together with right to extend such term for yearly periods during the existence of the national emergency. It expressly retained jurisdiction in the court to enter such further orders and judgments as might be necessary.

On May 30, 1944, the trial court entered an order extending the term for years from July 1, 1944, to June 30, 1945.

The appraisers awarded as just compensation for tract No. 972, $360 for the term ending June 30, 1944, and $393 for each yearly extension thereof. On March 30, 1945, the trial court entered a preliminary judgment confirming the awards of the appraisers. It again reserved jurisdiction as in the previous judgment of December 4, 1943.

On May 29, 1945, the trial court entered an order extending the term for years from July 1, 1945, to June 30, 1946.

Title to tract No. 972 passed to Magdalene D. Burmeister and Katherine W. Burmeister on January 1, 1945, and, in accordance with orders entered by the trial court, an aggregate of $786 was paid to them for the two extensions of the original term.

The United States, acting by the contract officer of the Corps of Engineers of the Army, entered into so-called negotiated concurrent leases with certain of the landowners. Each of such leases provided that the United States was given the right to use the land described therein as an "aerial gunnery range and for military purposes," and that the owner might use the land for other purposes.

In the spring of 1944, C. E. West contacted the contract officer and inquired if he could farm tract No. 972. The contract officer directed West to take the matter up with Ferdinand F. Burmeister. The contract officer told West he might go ahead and summer fallow the tract and if West worked out a deal with Burmeister it would be all right for him to go ahead and farm it. West arranged to rent the tract from Burmeister for one-fourth of the crop. West summer fallowed the land and drilled it to wheat in the fall of 1944. The next year, shortly before time to harvest the wheat, the contract officer advised West that he had no right to work the land since Burmeister had not signed a concurrent lease, and unless West paid him immediately $3,000 for one-fourth of the crop, he would have to sell the wheat crop to the highest bidder. West then paid the contract officer $3,000. For the crop that matured in 1946, the contract officer required West to pay him $540.

On September 30, 1946, the United States filed a motion for final judgment.

On such motion, the court entered an order, which had been approved by Paul L. Aylward, Special Attorney for the Department of Justice, which directed that notice be given to each defendant directing him on or before 30 days from the date of the notice to file in the cause in writing such claim or claims as he might have arising out of such condemnation "including specifically any damage to the fee or reversionary interest."

Notice was given Magdalene D. and Katherine W. Burmeister pursuant to such notice. They filed a claim for the $3,540 received by the Army representative from West for one-fourth of the wheat as additional damages suffered from the taking. They set up as a basis of their claim that the taking did not authorize the United

States to use the land for agricultural purposes.

The trial court found that the taking under the condemnation proceedings was not for farming purposes; that it was limited to an aerial gunnery range or other military purposes; that the United States did not have the right to utilize the lands for growing crops; and that in raising a wheat crop, substance was taken out of the soil, which, to some extent, depleted the soil, and damaged the reversionary interest. The court deducted from the $3,540 the $786 theretofore paid to the Burmeisters and awarded the Burmeisters additional damages in the sum of $2,754.

The United States has appealed.

■ The United States did not condemn the fee. It remained in Burmeister and his successors in title. When the fee remains in the former owner, he may make any use of the property which is not inconsistent with its use for the purpose for which it was taken or does not interfere with the dominant use for which it was appropriated.[1]

■ Where less than a fee is condemned, the use of the property taken must be for and in accordance with the purposes which justified its taking[2] and which was the basis for assessing damages.[3]

■ Here, the land was taken for use as an aerial gunnery range and the appraisers awarded damages on the basis of the taking for that limited purpose under the express instructions of the court. No other use was authorized by Congress or Executive Order. The United States did not have the right to devote the land to a use of an entirely different character from that for which it was taken.[4] It is clear, therefore, that the United States did not have the right either to use the land for agricultural purposes or to lease it to others to use for such purposes.

When the United States exercised the right to use tract No. 972 for a use entirely different from, and in addition to, the use for which it was taken in the condemnation proceedings, to-wit, for agricultural purposes, such new use amounted to the imposition of a new and additional servitude upon the land and constituted a taking in the constitutional sense.[5]

The court had retained jurisdiction to make such further orders or judgments as might be necessary and proper in the premises, and the award made by the court of additional damages was based on the fair rental value of the interest taken by the additional use made by the United States.

The effect of the concurrent leases was to permit the United States to use the land for an aerial gunnery range for a nominal consideration and to permit the owner to use the land for growing wheat or other crops. That was the ultimate effect of the supplemental award in the instant matter, since the trial court deducted from the estimated value of one-fourth of the crops the amounts that had been paid to Magdalene D. and Katherine W. Burmeister for the two yearly extensions of the term. The net result was that the United States received the use of tract No. 972 for an aerial gunnery range, without paying anything therefor, and Magdalene D. and Katherine W. Burmeister received one-fourth of the crops grown on their land by West. Hence, the additional award was not only lawful but was wholly fair and just.

The judgment is affirmed.

---

[1] Board of Com'rs of Kingman County v. Hufford, 126 Kan. 106, 266 P. 932; Harvey v. Mo. Pac. R. Co., 111 Kan. 371, 207 P. 761, 762, 50 A.L.R. 300; 30 C.J.S., Eminent Domain, § 451b, p. 207.

[2] Ponca City v. Drummond, 94 Okl. 138, 221 P. 466, 467; Thomas v. Morris, 190 N.C. 244, 129 S.E. 623, 626; Inhabitants of the Town of Lexington v. Suburban Land, Co., 235 Mass. 108, 126 N.E. 360, 361; 18 Am.Jur., § 180, p. 811.

[3] Robinson v. Kent Mfg. Co., 282 Pa. 539, 128 A. 501, 502, 503.

[4] Ponca City v. Drummond, 94 Okl. 138, 221 P. 466, 467; 18 Am.Jur., § 180, p. 811; Cases cited in Notes 2 and 3, ante.

[5] Ponca City v. Drummond, 94 Okl. 138, 221 P. 466, 467; 18 Am.Jur., § 180, p. 812.