**CHRISTMAN et al.**

v.

**CITY OF WICHITA, KAN., et al.**

**No. 4726.**

United States Court of Appeals
Tenth Circuit.

Jan. 27, 1954.

Henry E. Martz, Wichita, Kan. (P. J. Warnick and Alan B. Phares, Wichita, Kan., on the brief), for appellants.

Fred W. Aley and Lawrence E. Curfman, Wichita, Kan. (Robert B. Morton and Paul J. Donaldson, Wichita, Kan., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

In 1941 the City of Wichita by appropriate condemnation proceedings acquired the title and possession to the NW¼, S. 7, T. 28 S., R. 2 E., 6th P.M., and other lands to provide additional land for its existing municipal airport, and to be used for aviation purposes. The NW¼ of Section 7 was acquired pursuant to Chapter 4, S.L.Kan.1939, p. 4, as amended by Chapter 9, S.L.Kan. 1941, p. 11, which, in so far as it is here material, reads:

"That whenever in the opinion of the governing body in any city in the state of Kansas, the public safety, service and welfare can be advanced thereby, such governing body of such city may acquire within or without the city limits, by purchase, lease, or otherwise, and equip, improve, operate, maintain and regulate a municipal airport or a municipal field for aviation purposes, and in order to provide aerial safety zones for the landing and taking off of aircraft utilizing such airport or field, may acquire by purchase, lease or otherwise, such servitudes or easements over surrounding lands as are necessary to provide safe and unobstructed approaches thereto, * * *. Such airport or field may be used for the service of all aircraft and pilots desiring to use the same * * *."

The original airport area had been acquired under § 26–201, G.S. Kansas Ann.1949, which, in so far as it is here material, reads:

"Whenever it shall be deemed necessary by any governing body of any city to appropriate private property for the opening, widening, or extending any street or alley, or to condemn private property or easement therein for the use of the city for any purpose whatsoever, the governing body shall cause a survey and description of the land or easement so required to be made by some competent engineer and file with the city clerk. And thereupon the governing body shall make an order setting forth such condemnation and for what purpose the same is to be used. * * * The governing body, as soon as practicable after making the order declaring the appropriation of such land necessary and the fixing of the benefit district, if any is fixed, shall present a written application to the judge of the district court of the county in which said land is situated describing the land sought to

be taken and setting forth the land necessary for the use of the city and setting out the benefit district in full and praying for the appointment of three commissioners to make an appraisement and assessment of the damages therefor."

On May 31, 1951, the United States instituted a proceeding against the City of Wichita to acquire by condemnation the original airport, the additional lands acquired by the City through condemnation in 1941, and other lands. Richard Christman, Josephine E. Christman, Catherine A. Reyburn, Albert J. Christman, Jr., William D. Christman, Charles E. Christman and Louise D. Christman intervened in that action. In their intervening petition the intervenors alleged that the City had forfeited by misuse, nonuse and abandonment its interest in the NW¼ of Section 7 and that the same had reverted to the intervenors, and prayed that they recover damages for the taking of the NW¼ of Section 7. In its answer the City alleged that it acquired title to the NW¼ of Section 7 through condemnation proceedings in 1941 and that the City paid to the then owner, through which the intervenors claim, an award of $24,521.25, and denied that the City had been guilty of misuse or nonuse thereof, or that it had abandoned its estate therein. At the trial on the issues raised by the intervening petition and the answer of the City, the court directed a verdict in favor of the City. The intervenors have appealed.

The verdict was directed on the ground that the evidence had failed to establish abandonment of the NW¼ of Section 7 by the City. We deem it unnecessary to determine the precise estate acquired by the City to the NW¼ of Section 7 by the 1941 condemnation proceedings. The intervenors did not seek to recover the value of any alleged possibility of reverter, but bottomed their case solely on the ground that the title had reverted to them through misuse, nonuse and abandonment.

After acquiring its title to the NW¼ of Section 7, the City enclosed that tract by a fence. In 1942 the City removed trees and structures from the W½ of the NW¼ of Section 7. On the E½ of the NW¼ of Section 7 the City planted brome grass, alfalfa and lespedeza to prevent erosion. A portion of the tract was used as a gunnery range for Air Force officers. The City installed utility lines and sewer laterals on the W½ of the NW¼ of Section 7 to serve the State National Guard Hangar Building located on an adjoining tract of land, and also constructed a road on the W½ of the NW¼ of Section 7, leading to the National Guard Hangar Building to serve that building and the Wood River Oil Company hangar. There was also a large concrete parking ramp for airplanes, located to the south of the National Guard Hangar. An airport beacon was constructed on the W½ of the NW¼ of Section 7.

Under the law of Kansas, neither misuse nor nonuse will bring about the reverter of property dedicated to a public use.[1] In Gardarl v. City of Humboldt, 87 Kan. 41, 123 P. 764, the court held that when title has become vested in a municipal corporation for the public benefit, it cannot be impaired by any inaction or delay on the part of public officials in devoting the property to the uses for which it has been dedicated.

In the instant case the uses made by the City of the NW¼ of Section 7 were incidental to airport purposes and were not inconsistent with the use for which the land was condemned. The delay in building projected runways through the land and otherwise fully utilizing it for airport purposes forms no basis for a claim of abandonment.

[1] McAlpine v. Chicago Great Western Ry. Co., 68 Kan. 207, 75 P. 73, 76, 64 L.R.A. 85; Swope v. Kansas City, Kan., 10 Cir., 132 F.2d 788, 789, 790. See, also, Harvey v. Missouri Pacific R. Co., 111 Kan. 371, 207 P. 761, 50 A.L.R. 300; Edgerton v. McMullan, 55 Kan. 90, 39 P. 1021.

642

We are of the opinion that there was no substantial evidence upon which the jury could have predicated a finding of abandonment.

The judgment is, therefore, affirmed.